**In re Dennis JENSEN, a/k/a Dennis Jensen, Jr., Debtor.**

**Bankruptcy No. 183–30476–260.**

United States Bankruptcy Court, E.D. New York.

Feb. 15, 1985.

Seymoure Adams, Atty., Staten Island, N.Y., for debtor.

Terrence P. Tormey, Staten Island, N.Y., of counsel; Anthony R. Caputo, Atty., Staten Island, N.Y., for Judgment Creditor Joy De Martini.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Chief Judge.

This is a motion by a debtor to reopen his bankruptcy case to amend his schedules so as to include an inadvertently omitted creditor and to include the additional debt within the discharge previously granted to him. The motion is granted to the extent of reopening his case. The additional debt, however, is not included within his discharge. The creditor may commence an adversary proceeding to determine the dischargeability of this debt.

## FACTS

The debtor, Dennis Jensen, borrowed $4,800 in 1978 and $2,000 in 1982 from Ms. Joy DeMartini, the creditor. On March 3,

1983, he signed a written instrument stating that he borrowed these sums of money from Ms. DeMartini and had not repaid them. On March 9, 1983, the debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Ms. DeMartini was not listed on the debtor's schedule of creditors.

On March 21, 1983, a notice scheduling the first meeting of creditors pursuant to Section 341(a) of the Bankruptcy Code was mailed to all listed creditors and all other parties in interest. Since it appeared from the schedules that there were no assets for distribution, this notice stated pursuant to Bankruptcy Rule 203(b) in effect at that time, that it was unnecessary to file claims.[1] The notice further stated that if sufficient assets for payment of a dividend were to become available, creditors would be notified and given an opportunity to file claims. Since Ms. DeMartini was not listed, she received no notice of the case. The debtor was discharged on July 28, 1983, and the case was closed on August 11, 1983.

Thereafter, on October 10, 1983, the creditor commenced an action to recover the monies due her in the Civil Court of the City of New York.[2] In his affidavit submitted in those proceedings, the debtor herein contended that the money owed was a gift. After trial, the Civil Court decided otherwise, holding that the obligations were loans from Ms. DeMartini to the debtor, and judgment for $7,816.27 was entered for the creditor on May 14, 1984.

Thereafter, the debtor moved this court to reopen his bankruptcy case to amend the schedule of creditors to include the judgment obtained by Ms. DeMartini so as to include it within his discharge. Notwithstanding the Civil Court's decision after a trial, the debtor persists in believing that the funds were gifts and that if he were aware that they were loans he would have included them in his original schedule.

In opposition to the debtor's motion, the creditor argues that since the debtor filed his petition in bankruptcy six days after signing a written acknowledgment of his indebtedness to her, his failure to include her as a creditor is indicative of his intention to repay her. She also states that had she been given notice of the bankruptcy, she would have filed a claim, participated in the creditors' meeting and objected to the dischargeability of the debt owed to her. She also argues in the alternative that if the debtor is allowed to reopen the case and amend the schedule, she be permitted to object to the dischargeability of the obligation owed to her on the ground that the debtor obtained the money from her by fraud.

## II

## ISSUES

1. Should a debtor who has been granted a discharge, but who omitted a creditor from his original schedules be permitted to reopen his case to amend the schedules to

---

**1.** Former Bankruptcy Rule 203(b) provided:

(b) *Notice of No Dividend.* If it appears from the schedules that there are no assets from which a dividend can be paid, the court may include in the notice of the first meeting a statement to that effect, that it is unnecessary to file claims, and that if sufficient assets become available for the payment of a dividend, the court will give further notice of the opportunity to file claims and the time allowed therefor.

**2.** Apparently, inasmuch as the creditor was not affected by the debtor's discharge, provisions of 11 U.S.C. Section 524 which proscribe any effort to enforce any claim against the debtor were not applicable. Section 524 provides in pertinent part as follows:

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, or 1328 of this title, whether or not discharge of such debt is waived:

(2) operates as an injunction against the commencement or continuation of an action, the employment process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived....

include this creditor where the time for filing claims has not expired?

2. If the debtor is permitted to amend his schedules, should the creditor be permitted to have its debt deemed nondischargeable after the debtor received his discharge?

## DISCUSSION AND CONCLUSIONS

### A

■ Once a bankruptcy case has been closed, it may be reopened pursuant to 11 U.S.C. Section 350(b) which provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Section 350(b) leaves the determination of sufficient "cause" to reopen a case to the discretion of the court based upon the facts of each case. *In re Sheerin*, 21 B.R. 438, 9 B.C.D. 491 (Bkrtcy. App. 1st Cir.1982); *In re McNeil*, 13 B.R. 743, 8 B.C.D. 114 (Bkrtcy.S.D.N.Y.1981); *In re Bloomfield*, 3 B.C.D. 760 (Bkrtcy.S. D.N.Y.1977); 2 *Collier on Bankruptcy*, Para. 350.03 at 350–6 (15th ed. 1984).

■ The debtor seeks to reopen this no-asset case to amend his schedules in order to include Joy DeMartini as a creditor. An amendment to a schedule to include an additional creditor and, thus, accurately reflect all debts owed, constitutes sufficient cause to reopen a case. *In re Jordan*, 21 B.R. 318 (Bkrtcy.E.D.N.Y.1982).

The debtor may reopen his case and amend his schedules to list this debt.

The creditor, who argues against both reopening the case and amending the schedules, relies on *Milando v. Perrone*, 157 F.2d 1002 (2d Cir.1946). In *Milando* the court refused to allow the debtor to reopen his no-asset case to amend his schedules so as to include an inadvertently omitted creditor and permit the discharge of that debt after the date to file claims expired. However, the creditor's reliance here is misplaced. Pertinent law has changed since *Milando*, which was decided under the Bankruptcy Act of 1898.[3] Under the Act the Bankruptcy Court did not have the power to extend a creditor's time in which to file a claim. Since the time to file claims had elapsed when the debtor made his request for relief it was impossible for the creditor to prove his claim. The court, therefore, reasoned that reopening the case was an exercise in futility.

However, in 1973, former Bankruptcy Rules 203(b)[4] and 302(e)[5] became effective. These rules created a no-asset exception to the former six month bar to the filing of claims. *In re Zablocki*, 36 B.R. 779, 11 B.C.D. 521, 10 C.B.C.2d (Bkrtcy.D.Conn. 1984). When the Bankruptcy Code became effective in 1979 this time period was eliminated. Only the six month provision in Rule 302 remained. In August, 1983 Rule 302 was replaced with current Rule 3002,[6]

---

**3.** For a discussion of the pertinent changes in the law see *In re Stark*, 717 F.2d 322 (7th Cir. 1983); *In re Zablocki*, 36 B.R. 779, 11 B.C.D. 521, 10 C.B.C.2d (Bkrtcy.D.Conn.1984); *In re Davidson*, 36 B.R. 539, 10 C.B.C.2d 46 (Bkrtcy.D. N.J.1983).

**4.** *See, supra* note 1. Bankruptcy Rule 203(b) was superseded by Bankruptcy Rule 2002(e) on August 1, 1983. Bankruptcy Rule 2002(e) states:
(e) *Notice of No Dividend.* In a Chapter 7 liquidation case, if it appears from the schedules that there are no assets from which a dividend can be paid, the notice of the meeting of creditors may include a statement to that effect; and that if sufficient assets become available for the payment of a dividend, further notice will be given for the filing of claims.

**5.** Former Bankruptcy Rule 302(e)(4) provided:

(e) *Time for Filing.* A claim must be filed within 6 months after the first date set for the first meeting of creditors, except as follows:
(4) if notice of no dividend was given to creditors pursuant to Rule 203(b), and subsequently the payment of a dividend appears possible, the court shall notify the creditors of that fact and shall grant them a reasonable, fixed time for filing their claims of not less than 60 days after the mailing of the notice or 6 months after the first date set for the first meeting of creditors, whichever is the later.

**6.** Bankruptcy Rule 3002(c)(5) is correlated with Bankruptcy Rule 2002(e). Rule 3002(c)(5) states:
(c) *Time for Filing.* In a Chapter 7 liquidation or Chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the

which requires the court to notify creditors if assets are discovered, after a no-asset notice is sent, so that creditors may file claims and share in the distribution. It is unnecessary to file a claim unless assets are found. The Bankruptcy Code makes clear that the creditor's right to timely file a proof of claim is protected. *In re Stark*, 717 F.2d 322 (7th Cir.1983); 3 *Collier on Bankruptcy*, Para. 523.13(5)(a) at 523–81 (15th ed. 1984). In the present case, the notice of first meeting sent pursuant to Bankruptcy Rule 203(b), contained no deadline before which creditors had to file their claims. Creditors were never given further notification. Thus, creditors may still file a proof of claim. Their right is protected. In light of the foregoing authorities, the within case may be reopened to permit the debtor to add Ms. DeMartini as a creditor.

### B

In addition to amending his schedules to include the obligation owed Ms. DeMartini, the debtor seeks to discharge this debt

> meeting of creditors called pursuant to Section 341 of the Code, except as follows:
>
> . . . .
>
> (5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

7. Section 523(a)(2)(A) provides in pertinent part:
   > (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
   >
   > . . . .
   >
   > (2) for obtaining money, property, services or an extension, renewal, or refinance of credit, by—
   >
   > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. . . .

8. Section 523(a)(3)(B) states in pertinent part:
   > (a) A discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
   >
   > . . . .
   >
   > (3) neither listed nor scheduled under section 521(1) of this title, with the name, if

automatically by virtue of the discharge previously granted him. In opposition, the creditor argues that her debt is nondischargeable pursuant to Section 523(a)(2)(A)[7] based on the debtor's fraud.

The right to amend does not of itself work a discharge of the newly added obligation. *In re Jordan, supra.* Section 523(a)(3)(B) excepts a debt which has not been listed from discharge.[8] That section, however, is modified by Section 523(c)[9] which requires a creditor whose debt is of a kind specified in Section 523(a)(2), (4) or (6) (debts based on false pretense, fraud, embezzlement or wilful and malicious injury) to commence proceedings in the bankruptcy court for an exception to discharge. *In re Zablocki, supra.* While Section 523(a)(2)(A) excepts from discharge debts based on money obtained through fraud, it fails to prescribe time limitations or a procedure for determining whether a debt is in fact dischargeable. This void is filled by Bankruptcy Rule 4007.[10] Collier's explains this as follows:

> known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
> . . . .
>
> (B) if such debt is of a kind specified in paragraph (2) ... of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request. . . .

9. Section 523(c) provides in pertinent part:
   > (c) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt specified in paragraph (2), (4), or (6), of subsection (a) of this section unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2) ... of subsection (a) of this section.

10. Rule 4007 provides in pertinent part:
    > (a) *Persons Entitled to File Complaint.* A debtor or any creditor may file a complaint with the court to obtain a determination of the dischargeability of any debt.
    >
    > (b) *Time for Commencing Proceeding Other Than Under Section 523(c) of the Code.* A complaint other than under section 523(c) may be filed at any time. A case may be

Whatever time limitation is prescribed by the Bankruptcy Rules for the filing of a complaint to determine the dischargeability of a debt of the kind specified in Section 523(a)(2), (4), or (6), the debt, to be discharged, must be listed or scheduled not only in time to permit timely filing of a proof of claim, but *also* in time to permit the filing of a complaint to determine the dischargeability of the particular debt.

3 *Collier on Bankruptcy*, Para. 523.-13(5)(6) at 523–83 (15th ed. 1984). (Emphasis in original).

In addition to the right to file a claim, a creditor whose debt is based on Section 523(a)(2) has the right to a determination on the dischargeability of her debt. An omitted creditor who is added to a debtor's schedule has the same right. In this context, the time restrictions of Rule 4007 do not apply. *In re Zablocki*, 36 B.R. at 782, 11 B.C.D. at 523; *In re Ratliff*, 27 B.R. 465, 10 B.C.D. 352 (Bkrtcy.E.D.Va. 1983).

In light of the foregoing, the court will permit the debtor to reopen the case and amend his schedules to include the omitted creditor. However, we do not at this time reach the question of whether this debt has or has not been discharged. March 14, 1985 is fixed as the last day for the creditor to commence an adversary proceeding to determine the dischargeability of her debt.

The debtor is directed to submit an order in conformity with this opinion.

SO ORDERED.

reopened without payment of an additional fee for the purpose of filing a complaint to

obtain a determination under this rule.