**In re Hari M. DANIELS SS# 281–64–5204, Joy M. Daniels SS# 274–68–7612, Debtors.**

**Bankruptcy No. 1–80–01666.**

United States Bankruptcy Court, S.D. Ohio, W.D.

July 16, 1985.

Robert A. Goering, Cincinnati, Ohio, for debtors.

C. Gregory Schmidt, Cincinnati, Ohio, for Davis Furniture.

Hari M. Daniels, Joy M. Daniels, pro se.

Thomas J. Geygan, Cincinnati, Ohio, Interim Trustee.

### ORDER OVERRULING MOTION TO RECONSIDER ORDER REOPENING CASE

BURTON PERLMAN, Bankruptcy Judge.

Debtors filed a chapter 7 petition August 6, 1980. A discharge was granted to them November 26, 1980. Their case was closed November 18, 1981. The petition originally filed did not include Davis Furniture Co. (hereafter "creditor") as a creditor. On April 15, 1985 creditor obtained a judgment against debtors in Municipal Court. A garnishment was issued pursuant to the judgment on about May 8, 1985. This was the first knowledge that debtors had of the suit by creditor. On May 30, 1985 debtors moved to reopen the bankruptcy case, and on that date an order reopening the case was granted. Creditor objects to the reopening of the case, and, in effect, is seeking a reconsideration of the order reopening the case. We overrule the objections of creditor to the order reopening the case.

It is provided in 11 U.S.C. § 350(b) that a closed case may be reopened "to accord relief to the debtor." A classic cause for invoking the cure of reopening is to add an omitted creditor to the schedules. Whether there is harm to the creditor by reason of the reopening is the test. *In re Rosinski*, 759 F.2d 539, 541 (6th Cir.1985). The two interests of a creditor which are to be guarded in a reopening situation are (1) the right to participate in a dividend, and (2) the right to obtain a determination of dischargeability. Because this was a no asset case, there has been no effect on the right of creditor to participate in a dividend. With respect to the second requirement, we will allow an appropriate period within which creditor may file a dischargeability complaint if it wishes to do so.

Accordingly, creditor's objection to the order reopening the case is overruled.

Creditor shall have thirty (30) days from the date of the entry of this order within which to file a dischargeability complaint if it has grounds to do so. Additionally, debtors will further amend their schedules so that the relationship between creditor and debtors is accurately reflected in accordance with the dialogue at the hearing.

SO ORDERED.