In re Prince C. BROWN and Irene B. Brown, Debtors.

Bankruptcy No. 1–82–02484.

United States Bankruptcy Court, S.D. Ohio, W.D.

June 11, 1986.

---

Richard Landis, Cincinnati, Ohio, for debtors.

Richard A. Schwartz, Cincinnati, Ohio, for FMCC.

Limited is a question which need not be reached.

## DECISION AND ORDER ON DEBTORS' APPLICATION TO REOPEN AND CREDITOR'S OBJECTION

BURTON PERLMAN, Bankruptcy Judge.

This matter came before the court on Ford Motor Credit Corporation's (hereinafter "FMCC") objections to the entry allowing debtors to reopen their bankruptcy case and to being listed as a creditor.

Debtors originally filed their bankruptcy petition on August 30, 1982. The case was duly administered and closed on April 21, 1983. On March 3, 1986, debtors filed an application to reopen the case to add FMCC as a creditor. An order reopening the case was entered on March 5, 1986, and an amendment to the schedules, listing FMCC as a creditor, was filed March 14, 1986. FMCC filed a "Motion for Hearing on Debtors' Application To Reopen Case and Waive Filing Fees" with a memorandum which stated FMCC's opposition to the entry granting debtors' application to reopen. FMCC also filed an objection to being listed as a creditor pursuant to a notice of the entry of the order reopening the case sent out by this court setting a 20-day objection period. Debtors have filed a memorandum in support of their application to reopen. The matter was set for hearing, but because the issues have been fully briefed and it was represented that there were no factual disputes, the parties agreed to submit the case for decision on the memoranda.

Debtors' application to reopen states that FMCC was unintentionally omitted as a creditor. Debtors stated that they were co-signers on an obligation to FMCC and were not aware of their legal liability in that capacity. Debtors also state that the original case was closed as a "no asset" case and there was no distribution to unsecured creditors. These facts are not contested by FMCC. FMCC, in its memorandum, adds that suit was brought by FMCC against debtors on January 15, 1986 in Hamilton County Municipal Court after several demands had been made upon debt-

ors. It was after filing suit that FMCC learned of the 1982 bankruptcy filing. FMCC argues that debtors should not be allowed to reopen their case to add this creditor as a matter of law. If the Court decides debtors are entitled to reopen, FMCC argues, it is entitled to its attorney fees in pursuing the municipal court litigation.

FMCC relies on 11 U.S.C. § 523(a)(3) which states that a debt is not discharged if a creditor has not been given an opportunity to timely file a proof of claim. FMCC also asserts that *Milando v. Perrone*, 157 F.2d 1002 (2nd Cir.1946) and *In re Laczko*, 37 B.R. 676 (B.A.P. 9th Cir.1984) are the controlling cases. Those cases have held that reopening should be denied when the time for filing a proof of claim has expired, thereby precluding the creditor from sharing in any possible distribution. Tangentially, FMCC argues that they were prejudiced by not being able to object to the debtors' discharges.

██ The section which controls here, however, is 11 U.S.C. § 350, and the controlling case law on this issue is *In re Rosinski*, 759 F.2d 539 (6th Cir.1985), followed by this court in *In re Daniels*, 51 B.R. 142 (Bankr.S.D.Ohio 1985). In *Daniels*, we said:

It is provided in 11 U.S.C. § 350(b) that a closed case may be reopened "to accord relief to the debtor". A classic cause for invoking the cure of reopening is to add an omitted creditor to the schedules. Whether there is harm to the creditor by reason of reopening is the test. *In re Rosinski*, 759 F.2d 539 (6th Cir.1985). The two interests of a creditor which are to be guarded in a reopening situation are (1) the right to participate in a dividend, and (2) the right to obtain a determination of dischargeability. Because this was a no asset case, there has been no effect on the right of creditor to participate in a dividend. With respect to the second requirement, we will allow an appropriate period within which creditor

may file a dischargeability complaint if it wishes to do so.

Our holding in *Daniels* is applicable to the present case. Here, as in *Daniels*, there was no distribution to creditors and, therefore, no prejudice to FMCC in not being able to file a proof of claim. Likewise, we will also give FMCC a reasonable time in which to file a complaint for determination of dischargeability.

■ With respect to FMCC's request for reasonable attorney fees, FMCC argues that it should not have to pay for debtors' error in omitting it as a creditor in the original petition. While FMCC does not argue that such a prejudice bars debtors' right to reopen, it cites several recent bankruptcy court decisions that have held that a creditor is entitled to reasonable attorney fees for actions taken to pursue its claim prior to the discovery that a debtor had previously filed a bankruptcy petition from which that creditor was omitted. *See, In re Scism,* 41 B.R. 384 (Bankr.W.D.Okla. 1984); *In re Mitchell,* 47 B.R. 209 (Bankr. N.D.Tx.1985); and *In re Davidson,* 36 B.R. 539 (Bankr.N.J.1985).

It is uncontested in this case that FMCC filed suit in January, 1986 to recover an amount owed on a deficiency balance. FMCC first received notice of the bankruptcy filing at the time the suit was filed. FMCC would not have incurred the expense of filing suit if it had been given notice of a prior bankruptcy filing by the debtors. To alleviate any prejudice to FMCC in allowing debtors to reopen their case, FMCC is awarded the amount of $100.00 in reasonable attorney fees.

The objection of FMCC to being listed as a creditor and its objection to the order reopening the case are overruled. FMCC shall have thirty (30) days from the date of the entry of this Order within which to file a dischargeability complaint if it has grounds to do so. Additionally, FMCC is awarded the amount of $100.00 as reasonable attorney fees.

So Ordered.