**In re Thomas DeMARE, Margaret DeMare, Debtors.**

**Bankruptcy No. 82–01147.**

United States Bankruptcy Court, N.D. New York.

June 10, 1987.

Francis P. Valone, Rome, N.Y., for debtors; Michael G. Putter, of counsel.

Margolies & Koenig, Rockville Centre, N.Y., for National Recovery Systems, Assignee of the Dunes Hotel; Arnold Koenig, of counsel.

## MEMORANDUM–DECISION AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

This matter comes on before the Court on Debtors' motion for an order re-opening this Chapter 7 bankruptcy case to add a creditor.

## FACTS

On August 3, 1982, Debtors filed a voluntary Chapter 7 petition under the Bankruptcy Code, 11 U.S.C. §§ 101–1330 ("Code"), but did not schedule the Dunes Hotel and Country Club ("Dunes") as a creditor. The trustee of the Debtors' estate reported that no assets existed for distribution to creditors, and the case was closed on November 21, 1983.

On or about August 15, 1986, National Recovery Systems ("National"), as assignee of Dunes, filed a state court suit against Debtor Thomas DeMare ("DeMare") for some $12,000.00 which Dunes had loaned DeMare for gambling purposes. DeMare submitted an answer which generally denied the obligation, and which curiously failed to advance a defense of bankruptcy discharge. Debtors' present motion was filed on March 30, 1987, approximately three years, four months, and nine days from the date of discharge.

National opposed Debtors' motion, contending DeMare's obligation to Dunes arose in late October, 1982, over two months after the filing of the bankruptcy petition. DeMare submitted an affidavit dated April 14, 1987, in which he swore that the debt arose prior to the bankruptcy filing. Unfortunately, National's photocopies of the gambling markers which purportedly evidence the obligation do not contain legible dates.

National did not appear at the hearing date of April 27, 1987. Based upon the evidence presented, the Court held that the obligation arose pre-petition. The Court then requested that Debtors provide authority for the proposition that a no-asset bankruptcy case may be re-opened after the passage of some three years for the purpose of adding any originally omitted creditor which has commenced suit on its pre-petition debt.

## DISCUSSION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and 28 U.S.C. § 157(a) and (b)(2)(A).

Code § 350(b) reads as follows:

A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

A plethora of courts have recognized the bankruptcy court's discretion to re-open closed cases. At least three United States Court of Appeals have held that a bankruptcy court may in equity order the re-opening of a no-asset bankruptcy case "to add an omitted creditor where there is no evidence of fraud or intentional design." *Stark v. St. Mary's Hospital (Matter of Stark)*, 717 F.2d 322, 324 (7th Cir.1983) (per curiam); *Samuel v. Baitcher*, 781 F.2d 1529, 1534 (11th Cir.1986); *Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539, 541–2 (6th Cir.1985). In *Stark*, the debtors' motion to re-open was made soon after the omitted creditor successfully obtained a state court judgment on the pre-petition obligation; in *Rosinski*, the motion followed the commencement of state court proceedings.

As the Court intimated at the hearing, a concern was had with the time which transpired between the date of case closing and the filing of the present motion. The Court's review of the relevant case law leads it to conclude that under the present set of facts, the primary focus should be upon the harm suffered by the creditor if the relief is granted. *Rosinski v. Boyd, supra*, 759 F.2d at 541; *Stark v. St. Mary's Hospital, supra*, 717 F.2d at 324. "The two interests of a creditor which are to be guarded in a re-opening situation are (1) the right to participate in a dividend, and (2) the right to obtain a determination of dischargeability." *In re Daniels*, 51 B.R. 142, 143 (Bankr.S.D.Ohio 1985). In *Daniels*, the debtors' bankruptcy motion followed the entry of judgment against them on account of a pre-petition obligation nearly four years after the bankruptcy case was originally closed.

The proof before the Court does not reveal any intentional or nefarious conduct on Debtors' part in failing to originally schedule the Dunes obligation. Because this was a no-asset case, National will have an opportunity to file a proof of claim in the unlikely event assets are ever deemed available for payment of a dividend. Fed. R.Bankr.P. 3002(c)(5). If National has an objection to the dischargeability of the debt, it will be given an appropriate period in which to file an adversary complaint. *See In re Brown*, 60 B.R. 983, 985 (Bankr. S.D.Ohio 1986); *In re Daniels, supra*.

As a consequence of the foregoing, it is ORDERED:

1. Debtors' motion to re-open their Chapter 7 case and list National Recovery Systems as a creditor is granted.

2. Debtors shall file the appropriate amended schedule adding National Recovery Systems as a creditor within ten (10) days of the entry of this Order and simultaneously serve a filed copy of the amended schedule on National Recovery Systems.

3. National shall have thirty (30) days from the date it is served with a filed copy of the amended schedule within which to file a dischargeability complaint, if it has grounds to do so.