**In re Vernon RHODES d/b/a Rhodes Home Remodeling and Rhodes Home Repair, Debtor.**

**No. LR 84–1321 M.**

United States Bankruptcy Court,
E.D. Arkansas, W.D.

June 24, 1988.

Greg Ferguson, Little Rock, Ark., for debtor, Vernon Rhodes.

Steve Festinger, William F. Sherman, Little Rock, Ark., for Creditor, Ernest Bowden.

## MEMORANDUM OPINION

ROBERT F. FUSSELL, Chief Judge.

Before the Court is the Motion to Reopen Chapter 7 case filed by the debtor, Vernon Rhodes d/b/a Rhodes Home Remodeling and Rhodes Home Repair. The debtor seeks to reopen his case to amend his schedules to add a creditor, Ernest Bowden, and have any debts or claims of Bowden discharged. Bowden has filed an objection to the reopening of the case. The debtor and Bowden dispute the discharge-

---

ability of the debt and whether the debtor was aware of Bowden's claim at the time the case was filed.

The Motion was set for hearing on April 29, 1988. At that time, the parties stipulated to the pertinent facts and the Court took the matter under advisement pending legal briefs. After considering the motion and objection, the Court makes the following findings of fact and conclusions of law.

### Jurisdiction

This Court has jurisdiction over the pending matter pursuant to 28 U.S.C. § 157(b)(1) and (2)(A) as a core proceeding concerning the administration of the estate. This Court can enter a final order in the matter.

### Findings of Fact

The facts are not in dispute. The parties stipulated to the facts at the hearing.

On October 11, 1984, the debtor filed voluntary chapter 7 bankruptcy proceedings. Bowden was not listed as a creditor and, therefore, was never furnished with a copy of the Order setting the first meeting of creditors or deadlines for objecting to the debtor's discharge or for filing a complaint for dischargeability of debt. An Order of Discharge for the debtor was entered April 8, 1985. The debtor's case was closed December 4, 1987.

Prior to the date the debtor's case was closed, on March 30, 1987, Bowden filed suit in Pulaski County Circuit Court against the debtor alleging a breach of contract executed by the debtor and Bowden on April 18, 1984, for certain construction work. On April 24, 1987, the debtor filed a motion to dismiss the complaint. In the motion to dismiss, the debtor alleged that he had filed bankruptcy on October 11, 1984, and that the debt was or should have been discharged. According to the debtor, the debtor had no knowledge of Bowden's claim prior to the suit being filed in Circuit Court. According to Bowden, Bowden first received notice that the debtor had filed bankruptcy when the debtor filed his motion to dismiss the Circuit Court lawsuit.

On January 27, 1988, the debtor filed a motion to reopen the chapter 7 case for the purpose of amending his schedules to include Bowden's claim in order for Bowden's claim to be discharged. Bowden subsequently filed an objection to the reopening of the case.

### Conclusions of Law

■ Section 350(b) of the Bankruptcy Code provides:

"A case may be reopened in the court in which such case was closed to administer assets, to afford relief to the debtor, or for other cause."

11 U.S.C. § 350(b). Although case law varies regarding the specific reasons, it is apparent that a decision to reopen a bankruptcy case is within the sound discretion of the bankruptcy court. *In re Rosinski,* 759 F.2d 539, 540–41 (6th Cir.1985); *Hawkins v. Landmark Finance Co.,* 727 F.2d 324, 326 (4th Cir.1984); *In re Godley,* 62 B.R. 258, 260–61 (Bankr.E.D.Va.1986). Generally, a case may be reopened to allow discharge of a debt which existed at the time of bankruptcy but was not scheduled by the debtor, absent a debtor's fraud, intentional omission or intentional design. *In re Baitcher,* 781 F.2d 1529, 1534 (11th Cir.1986); *In re Rosinski,* 759 F.2d at 541; *In re Stark,* 717 F.2d 322, 324 (7th Cir. 1983); *In re Noa,* 81 B.R. 130, 131 (Bankr. S.D.Fla.1987); *In re Godley,* 62 B.R. at 261; *In re Gray,* 57 B.R. 927, 930–31 (Bankr.D.R.I.1986), *aff'd and remanded,* 60 B.R. 428 (D.R.I.1986).

Two interests of a creditor are sought to be protected in allowing a debtor to reopen a case—a right to participate in a dividend and a right to obtain a determination of dischargeability of debt. *In re Brown,* 60 B.R. 983, 984–85 (Bankr.S.D.Ohio 1986); *In re Daniels,* 51 B.R. 142, 143 (Bankr.S.D. Ohio 1985). Regarding the first issue, courts have held that a failure to list a creditor in a no asset case does not significantly prejudice a creditor because a creditor has not lost the right to file a claim against the estate in the event assets are discovered for later distribution. *In re Godley,* 62 B.R. at 261; *In re Crum,* 48

B.R. 486, 491 (Bankr.N.D.Ill.1985). Second, courts have allowed appropriate periods after a case has been reopened for a creditor to file a dischargeability complaint or an objection to discharge to protect a creditor's right to obtain such a determination. *In re Padilla*, 84 B.R. 194, 197 (Bankr.D.Colo.1987); *In re Brown*, 60 B.R. at 985; *In re Daniels*, 51 B.R. at 143; *In re Hood*, 48 B.R. 386, 388 (Bankr.N.D.Ala. 1984).

In this case, Bowden filed a lawsuit in circuit court on March 30, 1987. The debtor filed a motion to dismiss the circuit court lawsuit on April 24, 1987. The debtor had notice of Bowden's claim against him and Bowden had notice of the debtor's bankruptcy filing prior to the case actually being closed. The debtor could have added the claim to the petition prior to the closing of the case. Bowden also could have sought a determination of the claim in the debtor's bankruptcy case prior to the case being closed. In spite of this fact, however, the claim sought to be added by the debtor upon reopening of the case arose before the debtor's chapter 7 case was filed. No evidence of fraud or intentional omission was provided the Court. Therefore, the Court will allow the case to be reopened and will permit the debtor to amend his schedules to reflect Bowden's claim.

In fairness to Bowden, however, the Court will allow Bowden sixty days to conduct discovery to determine if a basis for objecting to the debtor's discharge or declaring the debt owed to Bowden non-dischargeable exists pursuant to 11 U.S.C. §§ 523 or 727 and allow Bowden to file any such objections or complaints within those sixty days. Further, if the claim is disputed, the Court will adjudicate the amount and validity. The Court notes, however, that even if it finds that a valid claim exists, the claim will be dischargeable unless a complaint under 11 U.S.C. § 523 or an objection under 11 U.S.C. § 727 is allowed. After sixty days, if no further action has been taken which requires resolution of this court by either party, the case will be closed.