**In re William D. CANDELARIA and Wanda Candelaria, Debtors.**

**Bankruptcy No. 188–82008–352.**

United States Bankruptcy Court, E.D. New York.

Jan. 24, 1990.

Lance Roger Spodek, P.C., New York City, for debtors.

## DECISION ON DEBTORS' MOTION TO REOPEN THE CASE

MARVIN A. HOLLAND, Bankruptcy Judge:

The debtors seek to reopen this Chapter 7 "no asset" case in order to amend Schedule A–3 to include a creditor previously omitted. Although the Notice of Motion does not indicate the specific grounds for reopening the case,[1] the attorney's affirma-

---

**1.** Bankruptcy Rule 9013 provides, in part, that "[t]he motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

tion in support indicates that "[d]ebtors, by inadvertence, failed to list a [sic] unsecured debt to 'Bank of America' in the amount of $1919.12. Your affirmant believes that to have been an honest unintentional mistake of the debtors."

11 U.S.C. 350(b) provides that "[a] case may be reopened ... to administer assets, to accord relief to the debtor, or for other cause." The debtors' application does not seek to administer assets; nor do the debtors base their application on "other cause". Therefore, the debtors must show that reopening the case would accord relief to them. The debtors have failed to make this showing, and, therefor, the application to reopen the case is denied.

The debtors were granted a discharge on February 9, 1989. In applying to reopen for the purpose of scheduling a creditor previously omitted, the debtors presumably [2] seek to have the discharge previously granted now affect the Bank of America debt. However, the Bank of America debt is not dischargeable.

11 U.S.C. 523(a)(3) states, in part, that:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

The debtors' application does not establish whether the debt now sought to be scheduled is of a kind specified in paragraphs (2), (4), or (6) of Code section 523(a). Considering subsections (A) and (B) of Code section 523(a)(3) in the alternative, this court finds that, as a matter of law, the Bank of America debt is not dischargeable.

Under 523(a)(3)(A), the Bank of America debt, if scheduled now by amendment, would not be scheduled in time to permit the creditor to timely file a proof of claim. Bankruptcy Rule 3002(c) provides that a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors. Since the meeting of creditors was held and closed on August 15, 1988, the 90 day time period has expired. None of the six subsections of Bankruptcy Rule 3002(c) applies to extend the period for filing proofs of claim. Further, the debtor has made no showing that the creditor had notice or actual knowledge of the bankruptcy case in sufficient time to file a timely proof of claim. Thus, the debt cannot be listed or scheduled in time to permit the creditor to timely file a proof of claim, and the debt is not dischargeable pursuant to 523(a)(3)(A). Since scheduling a non-dischargeable debt will accord the debtor no relief, the debtor lacks the grounds to reopen the case pursuant to Code section 350(b).

A similar logic prevails under 523(a)(3)(B) if the debt is of a kind specified in paragraphs (2), (4), or (6) of 523(a). The creditor is time barred from filing a proof of claim by virtue of Bankruptcy Rule 3002(c). The exceptions to 3002(c) do not apply. The debtor has not made any showing that Bank of America had notice or actual knowledge of the debtors' bankruptcy case. Further, under the additional requirement of 523(a)(3)(B), the debtors' failure to originally schedule the debt makes it impossible for the creditor (or debtor) to timely request a determination of dischargeability under 523(a)(2), (4), or (6). This is because Code section 523(c) places the burden of asserting the non-dischargeability of a debt under 523(a)(2), (4), or (6) on an objecting creditor, while Bankruptcy Rule 4007(c)

2. The application does not state the ultimate relief that the debtors seek.

provides that "[a] complaint to determine the dischargeability of any debt pursuant to 523(c) ... shall be filed not later than 60 days following the first date set for the meeting of creditors ..."

Thus, under 523(a)(3)(B), any request for a determination of dischargeability under 523(a)(2), (4), or (6), which must be brought by the objecting creditor pursuant to 523(c), is time barred under the 60 day provision of Bankruptcy Rule 4007(c). Nor is an extension of time available under 4007(c)[3]. Since the Bank of America debt is not dischargeable also under 523(a)(3)(B), the reopening of the debtor's bankruptcy case to schedule the debt will accord the debtor no relief, and therefore the request to reopen is denied.

A close and accurate reading of the relevant statutory provisions and rules thus dispels the notion that in a "no asset" case creditors have an unlimited time period in which to file proofs of claim. The 90 day time limit set in Bankruptcy Rule 3002(c) is only extended in a no asset case where the trustee subsequently discovers assets, and the clerk of the court so notifies the creditors. This exception does not apply here.

### CONCLUSION

For the foregoing reasons, the motion is denied.

---

**3.** "[T]he court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired." Bankruptcy Rule 4007(c).