**In re William D. CANDELARIA and Wanda Candelaria, Debtors.**

**No. CV 90–1533 (RR).**

United States District Court, E.D. New York.

Nov. 15, 1990.

Lance Roger Spodek, P.C., New York City by Lance Roger Spodek, for debtors.

## MEMORANDUM AND ORDER

RAGGI, District Judge:

Debtors William and Wanda Candelaria appeal without opposition from an order of Bankruptcy Judge Marvin A. Holland denying leave to reopen their Chapter 7 bankruptcy case for the purpose of listing an omitted creditor. *In re Candelaria*, 109 B.R. 600 (Bankr.E.D.N.Y.1990). This court reverses and remands the case for proceedings consistent with this opinion.

## BACKGROUND

Perhaps because this appeal is unopposed, the record submitted to this court is minimal. As best as can be gleaned from the papers presented, it appears that on July 19, 1988, debtors filed a joint petition in this district for relief from various consumer obligations under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 301 (1988). No assets being available for distribution, the listed creditors were notified in writing by the bankruptcy court that a meeting of creditors would be held on August 25, 1988. Pursuant to Bankruptcy Rule 2002(e), they were specifically advised that:

> It appears from the schedules of the debtor that there are no assets from which any dividend can be paid to creditors. It is unnecessary for any creditor to file his claim at this time in order to share in any distribution from the estate. If it subsequently appears that there are assets from which a dividend may be paid, creditors will be so notified and given an opportunity to file their claims.

The scheduled meeting of creditors was held. Thereafter, on January 17, 1989, the bankruptcy court granted debtors a full

discharge pursuant to 11 U.S.C. § 727 (1988).

On January 4, 1990, debtors moved to reopen their bankruptcy case pursuant to § 350(b) of the Code, 11 U.S.C. § 350(b) (1988), to add Bank of America to the scheduled list of creditors. Debtors claimed that the omission of this creditor, and the $1,919.12 owed it, was inadvertent and not discovered until some ten months after the discharge order. Despite notice of motion, neither Bank of America nor the Bankruptcy Trustee appeared in opposition. Nevertheless, on January 24, 1990, the bankruptcy court denied the motion, finding that reopening would not accord any relief to the debtors since, in light of exceptions provided in 11 U.S.C. § 523(a)(3)(A) and (B) (1988), Bank of America's debt was no longer dischargeable as a matter of law. *In re Candelaria*, 109 B.R. at 601.

Debtors now challenge this ruling.

## DISCUSSION

■ 11 U.S.C. § 350(b) permits a bankruptcy case to be reopened "to administer assets, to accord relief to the debtor, or for other cause." Because the decision to reopen a case is within the "sound discretion of a bankruptcy court," a district court reviewing the matter on appeal, *see* 28 U.S.C. § 158(a) (1988), can vacate that decision only "upon a showing that the failure to reopen was an abuse of discretion." *See In re Sheerin*, 21 B.R. 438, 439–40 (1st Cir.BAP 1982); *In re McNeil*, 13 B.R. 743, 745 (Bankr.S.D.N.Y.1981).

In this case, the bankruptcy court's conclusion that reopening would afford the debtor no relief because the debt to Bank of America was no longer dischargeable was an erroneous interpretation of applicable law. Accordingly, reversal is mandated.

### 1. *No Asset Cases—The General Standard for Reopening*

■ Preliminarily, the court notes that a desire to amend "a schedule to include an additional creditor and, thus, accurately reflect all debts owed," generally "constitutes sufficient cause to reopen" a no asset

bankruptcy case. *See In re Jensen*, 46 B.R. 578, 581 (Bankr.E.D.N.Y.1985); *accord In re Daniels*, 51 B.R. 142, 143 (Bankr.S.D.Ohio 1985) ("A classic cause for invoking the cure of reopening is to add an omitted creditor to the schedules."). This is because "[t]he Bankruptcy Code places a premium on scheduling all creditors...." *In re Godley*, 62 B.R. 258, 261–62 n. 1 (Bankr.E.D.Va.1986). In the vast majority of cases, a debtor's motion to reopen is prompted, of course, by his desire to discharge the omitted debt. Absent some harm or prejudice to the omitted creditor, this motive is cited approvingly by bankruptcy courts, since it will accord relief to the debtor. *See, e.g., Matter of Davidson*, 36 B.R. 539, 543 (Bankr.D.N.J.1983).

Thus, numerous courts have held that motions to reopen no asset cases to list omitted creditors should be liberally granted unless: (1) the omission was the result of fraud, recklessness or intentional design on the part of the debtor, or (2) reopening would prejudice the creditor in two protected areas, *i.e.*, its right to participate in a dividend and its right to obtain a determination of dischargeability. *See Matter of Baitcher*, 781 F.2d 1529, 1534 (11th Cir. 1986); *In re Rosinski*, 759 F.2d 539, 541 (6th Cir.1985); *Matter of Stark*, 717 F.2d 322, 323 (7th Cir.1983) (per curiam); *In re DeMare*, 74 B.R. 604, 605 (Bankr.N.D.N.Y. 1987); *In re Maddox*, 62 B.R. 510, 514 (Bankr.E.D.N.Y.1986); *In re Godley*, 62 B.R. at 261; *In re Tinnenberg*, 57 B.R. 430, 432 (Bankr.E.D.N.Y.1985); *In re Daniels*, 51 B.R. at 143; *Matter of Zablocki*, 36 B.R. 779, 783 (Bankr.D.Conn.1984); *Matter of Davidson*, 36 B.R. at 543.

### 2. *The Applicability of § 523(a)(3) Exceptions to No Asset Cases*

The right to participate in a dividend and the right to obtain a determination of dischargeability are at the heart of the exceptions to discharge provided for in 11 U.S.C. § 523(a)(3), which the bankruptcy court relied on in this case in holding that the debt to Bank of America was no longer dischargeable.

The relevant portions of § 523 provide:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, *timely filing of a proof of claim,* unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, *timely filing of a proof of claim and timely request for a determination of dischargeability* of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request....[1]

*Id.* (Emphasis added).

The Bankruptcy Code does not itself fix time periods for filing claims or requests for discharge. These are specified in the Bankruptcy Rules. *See In re Maddox,* 62 B.R. at 513.

### a. Timely Filing of a Proof of Claim

 Bankruptcy Rule 3002(c) requires a proof of claim to be filed "within 90 days after the first date set for the meeting of creditors...." Subsection (5) of the rule creates an exception, however, for what are commonly referred to as "no asset" cases. Where it is determined that a debtor lacks assets sufficient to pay any dividend to his creditors, Rule 2002(e) provides for notice of that fact to be given to scheduled creditors and for them to be advised that they need not file any present proof of claim. If, at some future point—even after discharge—the trustee discovers estate assets sufficient to pay creditors a dividend, Rule 3002(c)(5) requires that creditors receive new notice and be given 90 days from that date to file proofs of claim.

This scheme is in marked contrast to that existing under the Bankruptcy Act of 1898. Section 57(n) of the Act (former 11 U.S.C. § 93) expressly provided that any claim "not filed within six months after the first date set for the first meeting of creditors" not be allowed. Thus, the Second Circuit, in *Milando v. Perrone,* 157 F.2d 1002 (2d Cir.1946), held that, after the expiration of this statutory period, the reopening of a bankruptcy proceeding to add new creditors served no purpose. While *Milando* still controls cases where fixed time periods exist for filing claims, *see generally In re Laczko,* 37 B.R. 676 (9th Cir.BAP 1984), *aff'd mem.,* 772 F.2d 912 (9th Cir.1985), many courts, including several in this circuit, have concluded that its reasoning is inapposite to the more fluid filing period that is provided for no asset cases under the new Code and Rules. *See, e.g., In re Maddox,* 62 B.R. at 513; *In re Jensen,* 46 B.R. at 581–82; *Matter of Zablocki,* 36 B.R. at 782–83; *Matter of Davidson,* 36 B.R. at 542.

Nevertheless, the bankruptcy court in this case held, without citation to any authority, that because there was never any subsequent discovery of assets or new notice to creditors, the 90–day period for filing proofs of claim controlled, and, thus, under § 523(a)(3), the debt to Bank of America could no longer be discharged since that creditor could not file proof of claim within the limited period.

 This holding is at odds not only with the express notice given creditors in this case, which stated "it is not necessary to file a claim at this time," but also with the rationale underlying the treatment of no asset cases in the Bankruptcy Code and Rules. As was noted in *In re Mendiola,* 99 B.R. 864, 867 (Bankr.N.D.Ill.1989), the sole purpose of a proof of claim is to allow the creditor to assert a right to participate in the distribution of any assets. In a no asset case, the right to file a proof of claim is initially "meaningless and worthless." *Id.* There simply are no assets to which to

---

**1.** Paragraphs (2), (4) and (6) of § 523(a) specify debts obtained by false pretenses, fraud or will-

ful and malicious injury.

lay claim. It is thus that Rule 2002(e) permits creditors to be advised that they need not file proof of claim unless and until they receive notice that sufficient assets have been discovered to permit payment of a dividend. As a result, various courts have recognized that in a no asset Chapter 7 case, the time for filing a claim does not expire within 90 days of the creditors' meeting. It remains open indefinitely until non-exempt assets are found. *See Matter of Stark,* 717 F.2d at 324; *Matter of Baitcher,* 781 F.2d at 1531; *In re Rosinski,* 759 F.2d at 542; *In re Mendiola,* 99 B.R. at 867; *In re Padilla,* 84 B.R. 194, 195–96 (Bankr.D.Colo.1987); *In re DeMare,* 74 B.R. at 605; *In re Maddox,* 62 B.R. at 513; *In re Godley,* 62 B.R. at 261–62 n. 1; *In re Jensen,* 46 B.R. at 582; *Matter of Zablocki,* 36 B.R. at 781–82; *Matter of Davidson,* 36 B.R. at 542.

■ This court finds the reasoning of these cases persuasive and, therefore, holds that the bankruptcy court in this case erred in concluding that the debt to Bank of America was no longer dischargeable as a matter of law under § 523(a)(3)(A) and (B) for failure to give the creditor the opportunity to file timely notice.[2] If the motion to amend were granted and Bank of America's debt added to others scheduled, Bank of America would have the same opportunity to file a timely notice of claim as any other creditor in the event any assets are discovered. Thus, reopening this case could afford relief to the debtors without prejudicing the added creditor.

b. Timely Request for a Determination of Dischargeability

■ When a debt is of the type described in paragraphs (2), (4) or (6) of § 523(a), § 523(a)(3)(B) provides an exception to discharge if the creditor is not afforded timely opportunity to request a discharge determination as well as timely opportunity to file proof of claim. Discharge determinations for debts specified in paragraphs (2), (4) and (6) are generally governed by 11 U.S.C. § 523(c) and implementing Rule 4007(c). The latter provides that "[a] complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors. . . ." Moreover, extensions of time to file may be granted only if a request is made within the 60–day period. *Id.* In this case, the bankruptcy court held that since Bank of America could not possibly comply with these time limitations, § 523(a)(3)(B) precluded discharge of its debt.

A number of courts, however, have held that "[t]he mere passage of the date beyond which a § 523(c) determination of dischargeability may be sought does not, alone, trigger the § 523(a)(3)(B) exception to discharge." *E.g., Matter of Zablocki,* 36 B.R. at 782–83; *accord In re Lochrie,* 78 B.R. 257, 259 (9th Cir.BAP 1987); *In re Ratliff,* 27 B.R. 465, 468 (Bankr.E.D.Va. 1983). "[T]o establish the § 523(a)(3)(B) exception, a creditor must show that he actually had grounds under § 523(a)(2), (4) or (6) and that the debtor's failure to schedule him deprived him of the opportunity to assert these grounds at the proper time." *Matter of Zablocki,* 36 B.R. at 782; *see 1 Norton Bankruptcy Law and Procedure* § 27.67, at 94 n. 10 (1981). The rationale for this holding is simple and persuasive: bankruptcy policy favors "discharge and a fresh start for the debtor. . . ." *In re Lochrie,* 78 B.R. at 260. Unless a creditor can show that his debt actually comes within the exceptions provided for in paragraphs (2), (4) and (6), there is no reason to deny a debtor the benefit of a full discharge in a no asset case simply because he inadvertently omitted a debt. Thus, this court concurs with those that have held that when paragraph (2), (4) or (6) issues

---

**2.** Some courts have concluded that because the time to file a claim in a no asset case remains open indefinitely, even an unlisted claim is discharged, making reopening to obtain a discharge unnecessary. *See In re Mendiola,* 99 B.R. at 867; *In re Padilla,* 84 B.R. at 197. Even if this view is correct, because the Bankruptcy Code favors accuracy in debtors' schedules, amendment in order to list formally even a discharged creditor is appropriate cause for granting a motion to reopen. *See In re Jensen,* 46 B.R. at 581; *In re Godley,* 62 B.R. at 261–62 n. 1.

"are presented in a § 523(a)(3)(B) context, they are not subject to the restrictions of § 523(c) or, therefore, Rule 4007." *Id.* at 259; *accord In re Jensen,* 46 B.R. at 583.

Other courts have reached the same result with minimal discussion. *In re DeMare,* 74 B.R. at 605 (creditor added after discharge to no asset case given "an appropriate period in which to file an adversary complaint"); *In re Maddox,* 62 B.R. at 514 (added creditor "must be accorded a reasonable period of time within which to object to the dischargeability of the debt owed it under 523(a)(2), (4) and (6)"); *In re Daniels,* 51 B.R. at 143 (added creditor given "appropriate period" in which to file dischargeability complaint); *Matter of Davidson,* 36 B.R. at 545 (added debtor given period of time in which to file complaint objecting to discharge); *see also In re Padilla,* 84 B.R. at 197 (bankruptcy proceeding reopened to give omitted creditors 60 days within which to file complaints to determine dischargeability).

Thus, if the debt to Bank of America is added to the debtors' schedules and if that creditor is then given reasonable time to file a dischargeability complaint, it will suffer no irreparable harm from the reopening of the case.

3. *Considerations on Remand*

Whether or not the debt here at issue comes within paragraphs (2), (4) or (6) was not resolved by the bankruptcy court. *See In re Candelaria,* 109 B.R. at 601 ("The debtors' application does not establish whether the debt now sought to be scheduled is of a kind specified in paragraphs (2), (4), or (6) of Code section 523(a)."). Neither did the court resolve the factual question of whether debtors' failure to schedule the debt to Bank of America was in any way prompted by fraud, recklessness or intentional design. This court cannot resolve either of these issues on the scant record before it.

Thus, the case is remanded to the bankruptcy court for consideration of whether any evidence of fraud, recklessness or intentional design bars the reopening of debtors' bankruptcy proceedings. In the event debtors' omission does reflect, as

they allege, only "honest unintentional mistake," sufficient cause is present to warrant granting the motion to reopen and adding Bank of America as a creditor on the appropriate schedules. The bankruptcy court should then grant this creditor an appropriate time in which to file any complaint objecting to discharge.

CONCLUSION

The bankruptcy court's denial of debtors' request to reopen proceedings to allow the addition of an omitted creditor, to the extent it was based on a legal finding that such debt was no longer dischargeable, is hereby reversed. The matter is remanded to the bankruptcy court for it to consider the factual question of whether debtors' omission was prompted by fraud, recklessness or intentional design and for further proceedings consistent with this opinion.

SO ORDERED.