### In re Henrietta THOMPSON, Debtor.

### No. CV–92–5996.

United States District Court,
E.D. New York.

Feb. 23, 1993.

Gerald Mann, Sheldon Barasch, Robert Garner, of counsel, New York City, for debtor.

## MEMORANDUM AND ORDER

DEARIE, District Judge.

Debtor Henrietta Thompson appeals from a bankruptcy court order, dated October 6, 1992, denying her motion to reopen her no-asset Chapter 7 bankruptcy case for the purpose of adding a creditor and extending such creditor's time to object to discharge. There is no opposition to the appeal. This Court finds that the denial of the debtor's motion was an abuse of discretion. Accordingly, the order is vacated, and the matter is remanded to the bankruptcy court.

### Background

On October 15, 1991, Henrietta Thompson, the debtor, filed a Chapter 7 petition pursuant to 11 U.S.C. § 301 for release from consumer debts. The debtor's estate contained no assets. Scheduled creditors were sent notice of the commencement of the case and of the creditors meeting to be held on November 15, 1991. The deadline to file a complaint objecting to the discharge of the debtor or to determine dischargeability of a debt was set for January 14, 1992. Because no assets were available for distribution, the creditors were advised not to file proofs of claim until receiving notice to do so. The case proceeded without incident, and on March 12, 1992, the debtor was released from all dischargeable debts.

Approximately three months after the discharge, the debtor discovered that she had inadvertently failed to list FCDB Preferred Charge/Spiegel, an unsecured creditor for $1,775.52, on her schedule. FCDB Preferred Charge/Spiegel was subsequently informed that the debtor had filed for bankruptcy. On September 9, 1992, the debtor moved to reopen her case to add the omitted creditor to her schedule and extend the creditor's time to object to discharge. The motion was made on notice to the omitted creditor, its attorney, the interim trustee and the United States trustee. At the oral argument on October 6, 1992, no one appeared in opposition to the motion. The bankruptcy court denied the motion orally, concluding that "the rule in th[e] District is even if [the court] granted [the] motion and even if the creditor did not file an objection the debt would not be discharged.... [I]f [the court] granted [the] motion it would be futile and a waste of time." The debtor now appeals the ruling of the bankruptcy court. Again, there is no opposition.

### Discussion

■ The decision to reopen a case is within "the sound discretion of the [bankruptcy court]." *In re McNeil*, 13 B.R. 743, 745 (Bankr.S.D.N.Y.1981). Therefore, the bankruptcy court's decision not to reopen a case may be vacated only "upon a showing that the failure to reopen was an abuse of discretion." *In re Candelaria*, 121 B.R. 140, 142 (E.D.N.Y.1990) (quoting *In re Sheerin*, 21 B.R. 438, 440 (BAP 1st Cir. 1982)). The bankruptcy court below incorrectly concluded that, as a matter of law, the debt to FCDB Preferred Charge/Spiegel would not be discharged even if the debtor's motion to reopen her case were granted and the creditor did not object to discharge. Therefore, it abused its discretion in denying the debtor's motion to reopen.

Under the Bankruptcy Code, an individual who files for relief under Chapter 7 is not discharged from any debt that is "neither listed nor scheduled ... in time to permit ... timely filing of a proof of claim."[1] 11 U.S.C.A. § 523(a)(3)(A) (1979 & Supp.1992). If a debt is of a kind specified in paragraph (2), (4), or (6) of section

---

1. If a creditor has notice or actual knowledge of the debtor's bankruptcy case in time for such timely filing of a proof of claim, the debt need not be listed or scheduled in order to be discharged. 11 U.S.C.A. § 523(a)(3)(A) (1979 & Supp.1992).

523(a)[2], an individual is not discharged from such debt unless it is listed or scheduled "in time to permit ... timely request for a determination of dischargeability" in addition to timely filing of a proof of claim.[3] 11 U.S.C.A. § 523(a)(3)(B) (1979 & Supp.1992).

Generally, "a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors." 11 U.S.C.A.Bankr.Rule 3002(c) (Supp.1992). However, in a case in which no assets are available for distribution, creditors may be notified that it is unnecessary to file proofs of claim. 11 U.S.C.A.Bankr.Rule 2002(e) (Supp.1992). If they are so notified, they must be informed of any subsequent discovery of assets from which a dividend may be paid. They may then file proofs of claim within ninety days. 11 U.S.C.A.Bankr.Rule 3002(c)(5) (Supp.1992). Thus, in a no-asset case, section 523(a)(3)(A) does not preclude the discharge of an unscheduled debt until the expiration of the filing period following notice to the creditors of the existence of assets from which a dividend may be paid. *In re Candelaria*, 121 B.R. at 144; *see In re De Mare*, 74 B.R. 604, 605 (Bankr.N.D.N.Y.1987); *In re Maddox*, 62 B.R. 510, 513 (Bankr.E.D.N.Y. 1986); *In re Jensen*, 46 B.R. 578, 582 (Bankr.E.D.N.Y.1985); *In re Zablocki*, 36 B.R. 779, 782 (Bankr.D.Conn.1984). Because no assets have been discovered in the estate of the debtor in this case, section 523(a)(3)(A) does not preclude the discharge of the debt to FCDB Preferred Charge/Spiegel.

Generally, a creditor contending that a debt is of a kind excepted from discharge pursuant to section 523(a)(2), (4), or (6)[4] must file a request for a determination of dischargeability within sixty days of the first date set for the meeting of creditors. 11 U.S.C.A. § 523(c) (Supp.1992) & Rule 4007(c) (Supp.1992). Under Rule 4007(c), motions to extend the time to file must be made within the sixty day period. However, the expiration of that period alone does not preclude the discharge of an unscheduled debt pursuant to section 523(a)(3)(B). To bring an unscheduled debt within section 523(a)(3)(B), the creditor must show that he had grounds for claiming the debt was of a kind specified in paragraph (2), (4), or (6) of section 523(a) in addition to showing that the debtor's omission deprived him of the opportunity to timely assert a claim of nondischargeability on such grounds. *In re Candelaria*, 121 B.R. at 144; *In re Zablocki*, 36 B.R. at 782.

Accordingly, the limitations of section 523(c) and Rule 4007(c) do not apply when the issue of exception to discharge pursuant to paragraph (2), (4), or (6) of section 523(a) arises in the context of exception to discharge pursuant to section 523(a)(3)(B). *In re Candelaria*, 121 B.R. at 144–45 (citing in accord *In re Jensen*, 46 B.R. at 583); *In re Zablocki*, 36 B.R. at 782. A creditor added to a debtor's schedule after the debtor is granted a discharge must be afforded a reasonable period of time to file a complaint to determine the dischargeability of the debt under section 523(a)(2), (4) or (6). *In re Candelaria*, 121 B.R. 140 at 145. If the creditor does not file a complaint, or if upon consideration of such complaint, the debt is determined to be dischargeable, the debt is then discharged. Thus, section 523(a)(3)(B) does not as a matter of law preclude the discharge of the debt to FCDB Preferred Charge/Spiegel.

### Conclusion

Applicable law does not support the bankruptcy court's conclusion that grant-

---

**2.** Paragraph (2) specifies debts obtained by false pretenses, a false representation, or actual fraud, and debts obtained by use of a materially false statement of financial condition. Paragraph (4) specifies debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Paragraph (6) specifies debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C.A. § 523(a).

**3.** If a creditor has notice or actual knowledge of the debtor's bankruptcy case in time to permit a timely request for a determination of dischargeability in addition to timely filing of a proof of claim, the debt need not be listed or scheduled in order to be discharged. 11 U.S.C.A. § 523(a)(3)(B) (1979 & Supp.1992).

**4.** *See supra* text accompanying note 2.

**28**

ing the debtor's motion would have been futile. Accordingly, the Court finds that the bankruptcy court's refusal to reopen the debtor's case was an abuse of discretion. The order of the bankruptcy court is vacated, and the case is remanded for further proceedings consistent with this opinion.

SO ORDERED.