■ FRANK DOROSKI et al., Appellants, v ERNEST MINTLER, Respondent. —Appeal from an order of the Supreme Court at Special Term, entered April 3, 1975 in Delaware County, which granted defendant's motion to vacate a default judgment. Defendant moved to set aside a default judgment in favor of plaintiffs "on the ground that the judgment is unenforceable by reason of section 213 of the CPLR, which precludes actions from being commenced on promissory demand notes after six years." There is no such motion. Special Term apparently treated defendant's motion as a motion to relieve defendant from a default judgment under CPLR 5015 and granted the motion. To warrant vacating a default judgment, under CPLR 5015 (subd [a], par 1), the moving party must demonstrate that the entry of the default judgment occurred as a result of excusable default on his part and, in addition, that he has a meritorious defense. Defendant's affidavit read on the motion and his brief show personal service of the summons and notice of the action on defendant was made on July 14, 1973. Defendant in his moving papers gave no valid excuse for his failure to appear in the action. Defendant does not deny executing the note on which the action was brought. Plaintiffs encountered difficulty in making service in the action.

Plaintiffs first attempted to make service in June, 1972. Service was not completed until July 14, 1973. Defendant's claim that the court lacked jurisdiction to enter judgment herein because the Statute of Limitations may have run during the period plaintiffs were attempting to make service is without merit. The Statute of Limitations is an affirmative defense which is waived unless raised by timely motion or by answer (CPLR 3018, subd [b]; 3211, subd [a], par 5; 3211, subd [e]). Order reversed, on the law and in the exercise of discretion, with costs. Herlihy, P. J., Sweeney, Main, Larkin and Reynolds, JJ., concur.