■ WILLIAM F. GUTBRODT et al., Respondents, v WILLIAM E. GUTBRODT, Appellant, et al., Defendants, and DOUGLAS R. DYER et al., Intervenor-

Respondents.—Appeal from an order of the Supreme Court at Special Term, entered May 10, 1978 in Rensselaer County, which denied appellant's request that a judgment of foreclosure and sale be vacated and that he be allowed to interpose an answer or otherwise move in respect to plaintiff's complaint. On June 14, 1972, appellant executed a bond and mortgage to plaintiffs pursuant to which he was to make quarterly interest payments and pay the $20,000 principal amount within a five-year period. None of these payments was ever made, and on December 10, 1977 a mortgage foreclosure action was commenced by service of a summons and complaint upon appellant. That same day appellant telephoned plaintiff's counsel and was advised by him to get an attorney. Nonetheless appellant took no action in this regard until February 9, 1978 when he received a copy of the judgment of foreclosure and sale granted plaintiffs by Special Term. When this occurred, appellant finally consulted an attorney who further delayed until April 14, 1978 before obtaining an order to show cause from Special Term staying the foreclosure sale scheduled for April 26, 1978. This stay was subsequently vacated by Special Term on April 24, 1978, and the sale was held as previously scheduled with the intervenor-respondents purchasing the mortgaged premises for the sum of $37,500. Appellant's application to vacate the judgment of foreclosure and sale was thereafter denied, and this appeal ensued. We hold that the order of Special Term should be affirmed. For a default judgment to be vacated under CPLR 5015 (subd [a], par 1), the moving party must show both that the default was excusable on his part and that he has a meritorious defense (Doroski v Mintler, 49 AD2d 990). In this instance, we need not consider the merits of appellant's alleged defenses because he has failed to demonstrate an excusable default. Not only did he fail to appear in the action and file an answer to the complaint, but he also delayed until February 9, 1978 after the judgment of foreclosure and sale had been granted before he even consulted an attorney despite being warned by plaintiff's counsel that he needed an attorney in this matter. Moreover, his attorney then delayed an additional two months until April 14, 1978 before obtaining a temporary stay of the scheduled sale. These delays have never been satisfactorily explained, and a sale of the subject premises to third parties has now been consummated. Under these circumstances, disturbance of the order appealed from is not justified. Order affirmed, with costs to respondents filing briefs. Mahoney, P. J., Kane, Staley, Jr., Main and Herlihy, JJ., concur.