■ COMMUNITY STATE BANK, Respondent, v RONALD G. LANGLAIS et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered June 25, 1981 in Albany County, which denied defendant Ronald G. Langlais' motion to vacate a default judgment entered July 21, 1980. The default arose out of defendant Ronald G. Langlais' failure to make installment payments as agreed upon in a promissory note executed January 31, 1973. In June of 1974, Langlais petitioned for bankruptcy and was declared a voluntary bankrupt. He did not, however, list plaintiff Community State Bank, the holder of the note, as a creditor on his schedule of debts. Suit to recover the amount due on the promissory note was instituted on March 11, 1980, by personal service of the summons and complaint. The day after he was served, Langlais informed the bank's counsel that he believed the debt had been discharged in bankruptcy. On April 14, 1980, following a review of the bankruptcy petition, counsel advised defendant that the bank had in fact not been listed as a creditor, that unless defendant could prove otherwise the debt remained outstanding and payable, and that arrangements to satisfy this account were to be made with counsel's office. The absence of any further

response to the summons and the lack of any response to the notice of default served April 14, 1980, prompted entry of the default judgment in the amount of $4,591.67. Nine months later, defendant unsuccessfully moved to vacate the default, which was said to be excusable because defendant sincerely believed the debt had been discharged by the 1974 declaration of bankruptcy. It is also contended that the Statute of Limitations barred action on the note. Relief from a default judgment is available only if the moving party presents both a valid excuse for the delay and a meritorious defense to the underlying action (CPLR 5015, subd [a], par 1; *Capital Dist. Sand & Gravel Co. v Ferran*, 54 AD2d 793). Excusable default has not been demonstrated. The Bankruptcy Code requires a debtor to list all outstanding debts; omitted debts continue to exist (US Code, tit 11, § 523, subd [a], par [3]; *State of New York, Higher Educ. Servs. Corp. v Blewett*, 87 AD2d 907). Defendant's disregard of this reporting burden does not justify his failure to answer the complaint. The excuse advanced is even more implausible when it is considered that, nearly three months before entry of the default, plaintiff's counsel specifically informed defendant that the debt had not been discharged. Inasmuch as the default is inexcusable, it is unnecessary to reach defendant's Statute of Limitations argument (*Gutbrodt v Gutbrodt*, 64 AD2d 991). Parenthetically, we note that such a defense is waived unless it has been raised by a timely answer or motion (see *Doroski v Mintler*, 49 AD2d 990). Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., and Levine, JJ., concur; Weiss, J., not taking part.