STATE OF NEW YORK HIGHER EDUCATION SERVICES CORPORATION, Appellant, v RICHARD QUELL, Respondent.

Third Department, November 15, 1984

### APPEARANCES OF COUNSEL

*Sennett & Krumholz* (*Frederick J. Schreyer* of counsel), for appellant.

*George B. Ceresia, Jr.,* for respondent.

### OPINION OF THE COURT

LEVINE, J.

In February, 1978, defendant executed a promissory note to Union National Bank in the amount of $1,000, representing a student loan. The note was guaranteed by plaintiff. After defendant defaulted on the note, plaintiff paid the balance owing to the bank ($1,010.94). In July, 1978, shortly after his graduation, defendant filed for bankruptcy, listing the above loan with his other debts. He was discharged by order of the Bankruptcy Court dated December 7, 1978. In November, 1982, plaintiff commenced the instant action for repayment of the student loan. Defendant pleaded the affirmative defense of discharge in bankruptcy. When plaintiff moved to dismiss this defense, Special Term denied the motion and dismissed the complaint on jurisdictional grounds. This appeal by plaintiff ensued.

At the time defendant filed for bankruptcy, the nondischargeability of student loans was governed by section 1087-3 of title 20 of the United States Code, which provided that such a debt was not released if the discharge in bankruptcy was granted less than five years after repayment first became due, except where "the court in which the proceeding is pending determines that payment from future income or other wealth will impose an undue hardship on the debtor or his dependents" (US Code, tit 20; former § 1087-3, subd [a]). This section was repealed by and recodified in the Bankruptcy Reform Act of 1978 (hereafter BRA) (Pub L 95-598; BRA, §§ 317, 402, subd [a]; US Code, tit 11, § 523, subd [a], par [8]). Through an apparent inadvertency, however, Congress provided that the effective date of the repeal of the former statute was November 6, 1978, that being when the BRA was actually enacted (BRA, § 402,

subd [d]), but its replacement was not effective until October 1, 1979, the date when the BRA was made generally effective (BRA, § 402, subd [a]). There thus was created an 11-month gap concerning the nondischargeability of student loans between the repeal of the former statute and the effective date of its reenactment, and it was during that period that defendant's discharge was granted. However, under the decisional law of the Federal Second Circuit, the provisions of the former statute (US Code, tit 20, § 1087-3) continued to apply until the effective date of its replacement (*Matter of Adamo,* 619 F2d 216). Therefore, this case is controlled by the provisions of the former statute as to the specific nondischargeability of student loan debts and by the provisions of section 17 of the pre-BRA Bankruptcy Act of 1898 as amended (US Code, former tit 11, § 35), governing, generally, all statutory exceptions of debts from discharge.

Undeniably, defendant was not entitled to automatic exemption from the nondischargeability of his student loan, since his discharge was granted well within five years from the date he was required to commence the payment of the loan. Also conceded is that the Bankruptcy Court did not make a specific determination that the debt should be released on the ground of undue hardship. It is defendant's contention, however, that since the loan was included in his schedule of debts and plaintiff was put on notice thereof, the burden was on plaintiff to have filed a complaint in the Bankruptcy Court for determination that the debt should not have been discharged. Defendant further argues that because plaintiff failed to seek such a determination before the Bankruptcy Court, the discharge is a complete defense. Special Term accepted defendant's argument, holding that the question of whether defendant's student loan was discharged was exclusively within the jurisdiction of the Bankruptcy Court. It also dismissed the complaint on the further ground that the injunctive provisions of defendant's discharge barred this creditor's action on the debt.

We disagree with Special Term's conclusion. Under neither the dischargeability section of the Bankruptcy Act of 1898 (§ 17; US Code, former tit 11, § 35) nor the comparable provision of the BRA (US Code, tit 11, § 523) is a student loan creditor required to initiate a proceeding in the Bankruptcy Court for a determination of the nondischarge of the debt in order to prevent the loan from being released by the general discharge of the debtor. Both sections are quite specific in identifying only three classes of nondischargeable debts where the Bankruptcy Court is given exclusive jurisdiction and the debt is discharged unless the creditor obtains a ruling of nondis-

charge from that court. They are debts arising out of (1) obtaining property by false pretenses or fraud, (2) fiduciary fraud, and (3) willful and malicious injury to property (Bankruptcy Act of 1898, § 17, subd [c], par [2]; US Code, former tit 11, § 35, subd [c], par [2]; US Code, present tit 11, § 523, subd [c]). As to all other debts statutorily excepted from discharge, including those arising out of student loans, State courts have concurrent jurisdiction to determine dischargeability (3 Collier, Bankruptcy [15th ed], par 523.06, p 523-31).

█ Even more importantly here, the issue is not dischargeability, but rather the *effect* of the discharge on a particular debt *after* the completion of the bankruptcy proceeding. The general long-standing Federal rule has been that where a creditor brings suit against the bankrupt after discharge, the question of whether the debt was discharged or falls within one of the statutory exceptions to discharge is ordinarily one to be resolved by the local court in which the suit on the debt was brought (*Hilton Credit Corp. v Jaggli*, 366 F2d 793, 793-794; *White v Public Loan Corp.*, 247 F2d 601, 602-603). Therefore, Special Term erred in holding that it lacked jurisdiction to determine whether plaintiff's claim was released by the discharge in bankruptcy.

Nor were the injunctive provisions of defendant's discharge authority for dismissal of plaintiff's action. The discharge, by its terms (par 1), only released defendant from "all dischargeable debts". Insofar as the discharge referred to statutory exceptions, it only expressly barred subsequent suits with respect to the same three classes of nondischargeable debts previously discussed (arising from fraud, malicious injury to property and the like) (Bankruptcy Act of 1898, § 17, subd [a], pars [2], [4], [8]; US Code, former tit 11, § 35, subd [a], pars [2], [4], [8]) wherein, as we have noted, exclusive jurisdiction was conferred on the Bankruptcy Court to apply the exception if requested by the creditor. Since student loan debts did not fall within those classes of debts, defendant's discharge did not enjoin the instant suit and Special Term erred in dismissing it on that ground.

█ █ Having thus concluded that the State courts have jurisdiction to determine whether defendant's student loan debt was released by his prior discharge in bankruptcy, it remains for us to address the merits of that issue. Having already concluded that student loans do not fall within the statutory classes of exceptions in which the creditor must obtain a determination of nondischarge and only from the Bankruptcy Court, it logically follows that defendant had the onus of seeking the Bankruptcy

Court's determination that his student loan was discharged. Applying the language of the controlling law (US Code, tit 20, former § 1087-3) literally, defendant has failed to demonstrate that his student loan debt qualified under either of the statutory conditions by which it could escape the general rule of nondischargeability, i.e., (1) discharge more than five years after the beginning of the repayment period, or (2) a Bankruptcy Court determination of discharge for undue hardship. Therefore, defendant has failed to meet his burden of demonstrating that his debt was discharged in bankruptcy. The foregoing interpretation is consistent with the legislative history. The United States Senate Judiciary Committee Report on the proposed BRA states with respect to the student loan exception to discharge that it "follows generally current law" and that "[t]his provision is intended to be self-executing and the lender or institution is not required to file a complaint to determine the nondischargeability of any student loan" (Notes of Committee on the Judiciary, Senate Report No. 95-989, reprinted at US Code Ann, tit 11, § 523, p 507). Since defendant failed to avail himself of a determination by the Bankruptcy Court that his student loan should have been discharged because of undue hardship, the loan was not discharged, and discharge is not a viable defense in the instant action.

MAHONEY, P. J., KANE, CASEY and WEISS, JJ., concur.

Order and judgment reversed, on the law, with costs, complaint reinstated and plaintiff's motion to dismiss defendant's defense of discharge in bankruptcy granted.