■ STATE OF NEW YORK, Appellant, v BARBARA M. PERKINS, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered May 2, 1983 in Albany County, which granted defendant's motion to dismiss the complaint.

From September 1977 to January 1979, defendant obtained four student loans totaling $4,090 from the State University of New York at Buffalo (SUNY-Buffalo) pursuant to the National Direct Student Loan Program (20 USC §§ 1087aa-1087ii). The promissory note covering these loans executed by defendant provided for repayment "9 months after the date on which [defendant] * * * ceases to carry * * * at least one-half the normal full-time workload".

Defendant graduated from SUNY-Buffalo in June 1979, making her first quarterly payment due about March 1980. On September 7, 1979, defendant filed for bankruptcy, listing the student loan debt and SUNY-Buffalo on her schedule of unsecured creditors. She was discharged by order of Bankruptcy Court dated January 15, 1980. When defendant failed to make any payments on her loans, plaintiff commenced this action to recover the total amount of the loans plus interest thereon and costs incurred for collecting the same. Defendant moved to dismiss the complaint on the basis of her discharge in bankruptcy (CPLR 3211 [a] [5]). Special Term, concluding "that said debt was duly scheduled on the defendant's petition in bankruptcy", granted defendant's motion and dismissed the complaint on jurisdictional grounds. This appeal by plaintiff ensued. We reverse.

In our view, Special Term erred in concluding that it lacked jurisdiction to review the issue of dischargeability of student loans in bankruptcy proceedings. This is not a case where the debt arose in the context of fraud or false pretenses, fiduciary

fraud or willful and malicious injury to property (see, 11 USC § 523 [c], formerly Bankruptcy Act of 1898 § 17 [c] [2], 11 USC § 35 [c] [2]). Therefore, Special Term had jurisdiction to determine the dischargeability of defendant's student loans (see, State of New York Higher Educ. Servs. Corp. v Quell, 104 AD2d 11, 13-14; see also, Chevron Oil Co. v Dobie, 40 NY2d 712, 715).

Turning to the merits, we also conclude that defendant's student loans were not discharged in bankruptcy. Effective November 6, 1978, 20 USC § 1087-3 (a), relative to nondischargeability of student loans, was repealed (Bankruptcy Reform Act of 1978, Pub L 95-598 §§ 317, 402 [d], 92 US Stat 2549, 2678, 2682). Effective October 1, 1979, 20 USC § 1087-3 (a) was reenacted as 11 USC § 523 (a) (8) (Bankruptcy Reform Act of 1978, Pub L 95-598 § 402 [a], 92 US Stat 2549, 2682). Thus, it is clear that Congress inadvertently left an 11-month gap between the repeal of 20 USC § 1087-3 (a) and its reenactment. Defendant fell within that gap by filing her petition in bankruptcy on September 7, 1979 and relies upon this timing. That reliance is misplaced. The congressional oversight was corrected (Pub L 96-56 § 2, 93 US Stat 387) and 20 USC § 1087-3 continued to apply until the effective date of its replacement (see also, State of New York Higher Educ. Servs. Corp. v Quell, supra, p 13). Therefore, under 20 USC § 1087-3, effective on the date defendant filed her petition, student loans such as those at issue here were excepted from discharge unless they had been due and owing for five years preceding discharge in bankruptcy or when Bankruptcy Court determined that an "undue hardship" would result from payment of the same.

Here, neither of these exceptions to nondischargeability are involved. Defendant's student loans had not become due prior to her discharge and thus were not due and owing for five years prior thereto. Further, there is no indication in defendant's moving papers that Bankruptcy Court determined "undue hardship". Although Bankruptcy Court did discharge "debts alleged to be excepted from discharge under [Bankruptcy Act of 1898, § 17 (a) (2), (4), (8), amended by and recodified in 11 USC § 523 (a) (2), (4), (6)]", defendant's student loans at issue here do not fall within those classes of debt.

In sum, defendant has failed to meet her burden of demonstrating that her student loans were discharged. Having concluded that defendant's debt was not discharged in bankruptcy, we refrain from addressing the issue of whether the debt was unprovable.

Order reversed, on the law, without costs, and motion denied. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.