■ BENJAMIN P. WHITAKER, JR., Respondent, v EDMUND L. KIDD, Appellant, et al., Defendant. (Appeal No. 1.)—Appeal unanimously dismissed without costs as academic. Same memorandum as in *Whitaker v Kidd* ([appeal No. 2], 136 AD2d 941 [decided herewith]). (Appeal from judgment of Supreme Court, Monroe County, Maas, J.—indemnification.) Present—Dillon, P. J., Boomer, Balio, Lawton and Davis, JJ.

■ BENJAMIN P. WHITAKER, JR., Respondent, v EDMUND L. KIDD, Appellant, et al., Defendant. (Appeal No. 2.)—Judgment unanimously reversed on the law and facts without costs and complaint dismissed. Memorandum: The trial court erred in failing to dismiss plaintiff's complaint based on defendant's discharge in bankruptcy. The parties were coguarantors of D. Peter Prosdorf's loan from Bankers Trust Company of Rochester. Prosdorf defaulted on the loan and Bankers Trust commenced an action against plaintiff, which was settled on March 12, 1979. On July 6, 1984 plaintiff commenced the present action seeking contribution or indemnification from defendant based on this settlement. In response thereto defendant asserted that he had filed a bankruptcy petition on February 13, 1979 and that plaintiff's claim had been discharged in the bankruptcy proceeding.

Section 17 (a) (3) of the Bankruptcy Act of 1898, which was then applicable, provides in part for the discharge of all provable debts except those which "have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy". Defendant failed to schedule plaintiff's claim. Plaintiff, however, admitted having been apprised of defendant's filing bankruptcy within days of its occurrence. This knowledge afforded plaintiff an opportunity to prove his claim in a timely

manner and his claim was therefore discharged in bankruptcy *(Lincoln Rochester Trust Co. v Pearl,* 60 Misc 2d 631). (Appeal from judgment of Supreme Court, Monroe County, Curran, J. —indemnification.) Present—Dillon, P. J., Boomer, Balio, Lawton and Davis, JJ.