■ BESSIE CORSALE et al., Appellants, v PANTRY PRIDE SUPERMARKET, INC., Respondent. [602 NYS2d 887] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Cusik, J.), entered June 11, 1991, which, *inter alia,* granted the defendant's motion for permission to serve an amended answer asserting the affirmative defense of discharge in bankruptcy, and denied the plaintiffs' motion, *inter alia,* to dismiss the defense on the ground that material

questions of fact existed as to whether the claim was discharged in bankruptcy.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contentions, the court did not improvidently exercise its discretion by granting the defendant's motion for leave to serve an amended answer interposing an affirmative defense of discharge in bankruptcy. Pursuant to CPLR 3025 (b), leave to serve an amended pleading shall be freely given upon such terms as are just. It is well established that the decision to grant leave to amend rests within the sound discretion of the trial court, and is to be made on a case-by-case basis (see, *Hauptman v New York City Health & Hosps. Corp.*, 162 AD2d 588; *Bertan v Richmond Mem. Hosp. & Health Ctr.*, 106 AD2d 362; *Matter of Department of Social Servs. v Jay W.*, 105 AD2d 19, 22). Although leave to amend is liberally given, a proposed amendment that would create prejudice or surprise to the opposing party resulting directly from the delay should not be granted (see, *Barbour v Hospital for Special Surgery*, 169 AD2d 385; *Hauptman v New York City Health & Hosps. Corp., supra; Matter of Department of Social Servs. v Jay W., supra*).

The plaintiffs are correct that the doctrine of laches may be invoked to defeat a motion for leave to amend pleadings (see, e.g., *McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.*, 59 NY2d 755). A belated motion for leave to amend will be defeated by a claim of laches where two elements are present: delay, and prejudice to the nonmoving party resulting directly from the delay (see, *Fahey v County of Ontario*, 44 NY2d 934; *Sindle v New York City Tr. Auth.*, 33 NY2d 293; *Matter of Schilling v Dunne*, 119 AD2d 179). However, in the instant case, notwithstanding the lengthy delay between the time of the discharge in bankruptcy and the time the defendant moved for leave to raise its alleged affirmative defense, and notwithstanding the defendant's failure to proffer an excuse for the delay, we find that the granting of the defendant's motion was not improvident because the plaintiffs have not demonstrated that they have suffered any significant prejudice as a result of the delay. The plaintiffs claim that they were never notified of the pendency of the proceedings in Bankruptcy Court and were thereby deprived of an opportunity to contest the defendant's bankruptcy claims. However, the plaintiffs may still raise this claim in reply to the defense. Pursuant to 11 USC § 523 (a) (3), a discharge in bankruptcy does not apply to creditors who are

not listed, scheduled, or notified of the proceeding in time to afford an opportunity to file opposition in the Bankruptcy Court *(see, In re David,* 106 BR 126; *In re Bowen v Franks,* 102 BR 752; *In re Ford,* 87 BR 641; *Matter of Coppi,* 75 BR 81; *In re Iannacone,* 21 BR 153).* Rather, where a defendant attempts to establish an affirmative defense of discharge in bankruptcy and a plaintiff claims never to have been listed, scheduled, or notified of the bankruptcy proceedings, the issue of whether or not the plaintiff's claim was in fact discharged is a matter within the subject matter jurisdiction of a State court *(see, Whitaker v Kidd,* 136 AD2d 941; *State of New York v Perkins,* 112 AD2d 485; *State of New York Higher Educ. Servs. Corp. v Quell,* 104 AD2d 11). Accordingly, the plaintiffs have not been deprived of an opportunity to challenge the effect of the alleged bankruptcy discharge. They may, as the Supreme Court properly found, raise this issue at the trial of this matter. Since they will have suffered no prejudice as a result of the delay, the mere fact of the delay is insufficient to defeat the defendant's motion for leave to serve an amended answer *(see, Misuk Buley v Beacon Tex-Print,* 118 AD2d 630; *Barnes v County of Nassau,* 108 AD2d 50; *Krupp v Aetna Life & Cas. Co.,* 104 AD2d 857).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Miller, Lawrence and Copertino, JJ., concur.