OPINION OF THE COURT
Eileen N. Nadelson, J.
This matter originally appeared before this court as a motion for summary judgment instituted by plaintiff. Plaintiff sought repayment of a student loan advanced to defendant under the guise of a credit card called “College Card” offered by plaintiff *885 to students enrolled at accredited educational institutions. Defendant maintained that this debt was discharged in Bankruptcy Court as a regular credit card debt.
On June 21, 2004, the court denied plaintiffs motion, asserting that questions of fact existed as to whether defendant knowingly agreed to accept the card as a student loan. The court indicated in its decision that a full hearing on the merits was warranted in the interests of justice and fair play.
Subsequently, plaintiff moved for leave to renew and/or reargue its motion pursuant to the provisions of CPLR 2221. The court granted plaintiffs motion, and a rehearing was held on October 20, 2004. Based on this rehearing and reargument, the court reverses its original decision and grants plaintiffs motion for summary judgment.
Plaintiff is a nonprofit corporation organized under the nonprofit laws of the State of Arizona. On August 17, 1998, defendant signed an application for a “College Card” while he was enrolled at the School of Visual Arts in New York City. As part of the application, directly above defendant’s signature, the document states that the student “agree[s] that this is an educational loan, and if held by a nonprofit organization, it is subject to the provisions of 11 U.S.C. sec. 523 (a) (8).” Further, on the back of the application, it states that “you further understand and acknowledge that this debt is a non-discharge-able educational loan and is generally non-dischargeable in bankruptcy.”
After graduation, defendant sought protection pursuant to the federal bankruptcy laws, and on May 15, 2002, the United States Bankruptcy Court for the Southern District of New York issued a final decree discharging defendant debtor from his debts. Among the debts listed by defendant in his bankruptcy proceeding was the “College Card” account in the amount of $14,041.61. The order of the Bankruptcy Court states:
“1. The Debtor is released from all dischargeable debts.
“2. Any judgment not obtained in this court is null and void as to the personal liability of the Debtor(s) regarding the following:
“(a) debts dischargeable under 11 U.S.C. sec. 523 (a).”
The question for this court to decide, based on the foregoing, is whether the “College Card” account is a dischargeable debt under the bankruptcy laws or whether it qualifies as a nondischargeable educational loan.
*886 11 USC § 523, “Exceptions to discharge,” states that:
“(a) A discharge under . . . this title does not discharge an individual debtor from any debt. . .
“(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit ■ institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor’s dependents.”
This section of the bankruptcy law was designed to remove the temptation of recent graduates to use the bankruptcy system as a low cost method of unencumbering future earnings. (Educational Credit Mgt. Corp. v Polleys, 356 F3d 1302 [10th Cir 2004].)
Although defendant initially indicated that he was unaware of the educational loan aspect of “College Card,” the papers submitted indicate that he only used this card for educational purposes at the School of Visual Arts, and at oral argument defendant admitted that he only used “College Card” for expenses related to his schooling. Based on this evidence and testimony, the court believes that defendant was cognizant of the student loan purpose behind the issuance of “College Card.”
In State of N.Y. Higher Educ. Servs. Corp. v Quell (104 AD2d 11 [3d Dept 1984]), the Court, in interpreting section 523 (a) (8) of the Bankruptcy Code, stated that this provision is intended to be self-executing. The lender institution is not required to file a complaint to determine the nondischargeability of any student loan and, unless the student debtor availed himself of the determination by the Bankruptcy Court that the student loan should be discharged because of undue hardship, the loan is not discharged. In the instant case, defendant did not request the Bankruptcy Court to discharge the “College Card” debt due to undue hardship. Further, at oral argument in this court defendant could only state that he was poor and it would be hard to repay the debt, but produced no evidence that repayment would result in “undue hardship” to himself or any of his dependents.
The final judgment and order of the Bankruptcy Court states that defendant is only discharged from dischargeable debts. “College Card” was issued as a medium for an educational loan, *887 as evidenced in several places on the application defendant signed, and plaintiff is a nonprofit organization authorized to issue such educational loans. This places the “College Card” debt squarely within the provisions of section 523 (a) (8) of the Bankruptcy Code. Defendant had the responsibility of seeking the Bankruptcy Court’s determination that the student loan was discharged for undue hardship. The defendant failed to meet his burden of demonstrating that his debt was discharged in bankruptcy; and having failed to avail himself of determination by the Bankruptcy Court that his student loan should have been discharged due to undue hardship, the loan was not discharged. (State of N.Y. Higher Educ. Servs. Corp. v Rochlitz, 132 Misc 2d 664 [Sup Ct, Albany County 1986].)
Therefore, this court grants plaintiffs motion for summary judgment in the amount of $14,041.61, with interest from December 21, 2001, together with the costs and disbursements of this action. The court severs plaintiffs request for attorneys’ fees.