*602 OPINION OF THE COURT
Karla Moskowitz, J.
In this breach of contract action, defendants move to dismiss the complaint (motion sequence No. 001). The court grants this motion for the following reasons.
Background
On June 28, 2001, plaintiff Upper Manhattan Empowerment Zone Development Corporation (UMEZ) loaned codefendant Van Brackle Enterprises, Inc. (VBE), doing business as Miksu Cosmetics, $100,000, pursuant to the terms of a “Loan and Security Agreement.” (See notice of motion, exhibit F [A].) Codefendant Susan Van Brackle signed the loan as VBE’s vice-president and secretary and also signed a $100,000 “Personal Guaranty” for the loan. (Id., exhibit F [B].) Codefendant Michael Van Brackle was not a party to either of these contracts; nor did he sign them.
On March 22, 2004, VBE filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of New York. (Id., exhibit A.) On September 22, 2004, that court issued a final decree, discharging the loan and closing VBE’s bankruptcy case. (Id., exhibit B.)
On May 12, 2004, Michael and Susan Van Brackle also filed a joint chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of New York. (Id., exhibit D.) On September 9, 2004, that court issued a discharge of debtors order, pursuant to section 727 of the Bankruptcy Code, in their favor. (Id., exhibit E.)
Later that month, UMEZ served a summons and complaint on VBE, and Michael and Susan Van Brackle. (Id., exhibits C, F.) Defendants now allege that UMEZ’s summons bears an expired index number and that they were improperly served. (Id., Axiotis affirmation 1111 3-5.) However, UMEZ has produced a process server’s affidavit of service that belies the latter claim. (See Fleming affirmation in opposition, exhibit A.)
UMEZ’s complaint sets forth causes of action for: (1) breach of contract (against VBE with respect to the loan); (2) breach of contract (against Michael and Susan Van Brackle with respect to the guaranty); and (3) court costs and legal fees (against all defendants). (See notice of motion, exhibit F, HIT 6-16.) Instead of answering, defendants have interposed this motion to dismiss.
*603 Discussion
At the outset, UMEZ concedes that VBE and Michael Van Brackle “are entitled to an Order dismissing the Complaint as against them.” (See Fleming affirmation in opposition 1Í 2.) This is clearly true, given that the September 22, 2004 final decree of United States Bankruptcy Court for the Eastern District of New York discharged VBE’s obligations pursuant to the loan, and that Michael was not a party to the guaranty. (See notice of motion, exhibits B, F [B].) Accordingly, the court initially grants this motion on consent to the extent of dismissing the complaint as against VBE and Michael Van Brackle.
Susan Van Brackle’s Motion
Susan Van Brackle (hereinafter Van Brackle) raises two arguments in support of her application for dismissal. The first is that CPLR 3211 (a) (5) bars UMEZ from maintaining its breach of contract claim against her, because the September 9, 2004 order of the United States Bankruptcy Court for the Eastern District of New York discharged the debt underlying that claim. (See notice of motion, Axiotis affirmation 11 5 [a].) UMEZ counters that Van Brackle’s bankruptcy discharge does not apply to this claim because she improperly failed to list UMEZ as a creditor on her chapter 7 bankruptcy petition. (See Fleming affirmation in opposition HIT 5-6.) After reviewing the applicable law, the court finds in Van Brackle’s favor and dismisses the complaint.
1, The Bankruptcy Code and Rules
11 USC § 727 (b), which governs discharges in chapter 7 bankruptcy liquidations, states that “[e]xcept as provided in section 523 of this title, a discharge under . . . this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter . . . .” 11 USC § 523, entitled “Exceptions to discharge,” states, in pertinent part, that:
“(a) A discharge under section 727 . . .of this title does not discharge an individual debtor from any debt . . .
“(3) neither listed nor scheduled under section 521 (1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
“(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for *604 such timely filing-, or
“(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.” (11 USC § 523 [a] [emphasis added].)
The debts “specified in paragraph (2), (4), and (6)” of 11 USC § 523 (a) are called “intentional tort debts,” and refer to debts that were obtained via false pretenses, fiduciary fraud, or wilful and malicious injury to property, respectively. (See e.g. In re Strano, 248 BR 493, 497-500 [D NJ 2000].) 11 USC § 523 (a) treats all debts other than intentional tort debts as presumptively discharged by 11 USC § 727 (b), unless the debtor has omitted them from the schedule submitted to the Bankruptcy Court and thereby prevented his or her creditors from filing timely claims. (11 USC § 523 [a] [3] [A].) Because the breadth of the discharge that 11 USC § 727 (b) affords is so comprehensive, however, even unscheduled debts are dischargeable. (See e.g. In re Beezley, 994 F2d 1433, 1435 [9th Cir 1993].) The statute treats only intentional tort debts differently, by permitting creditors to request that a court determine whether or not these debts are, in fact, dischargeable — i.e., whether or not the creditor actually committed an intentional tort. (11 USC § 523 [a] [3] [B].)
In 1983, Congress enacted rule 2002 of the Federal Rules of Bankruptcy Procedure, entitled “Notices to Creditors, Equity Security Holders, United States, and United States Trustee.” Subdivision (e) of rule 2002 provides that:
“In a chapter 7 liquidation case, if it appears from the schedules that there are no assets from which a dividend can be paid, the notice of the meeting of creditors may include a statement to that effect; that it is unnecessary to file claims; and that if sufficient assets become available for the payment of a dividend, further notice will be given for the filing of claims.”*
Federal Rules of Bankruptcy Procedure rule 2002 (e) operates as a permanent toll on the statutory claims bar period for cred *605 itors to file their claims that lasts until the time, if any, there is discovery of some distributable assets belonging to the debtor. As a consequence, a number of Circuit Courts of Appeal have held that Federal Rules of Bankruptcy Procedure rule 2002 (e) abrogates the strict scheduling requirements of 11 USC § 523 (a) (3) (A) in “no asset” filings where the petitioner has only automatically dischargeable debts (i.e., no intentional tort debts). These courts reason that “[a]n omitted creditor who would not have received anything even if he had been originally scheduled, has not been harmed by omission from the bankrupt’s schedules and the lack of notice to file a proof of claim.” (Judd, v Wolfe, 78 F3d 110, 115 [3d Cir 1996]; see also In re Beezley, 994 F2d at 1436 [“(W)here section 523 does not except a prepetition debt from discharge, the debt remains within the scope of the discharge afforded by section 727. Scheduling, per se, is irrelevant”]; In re Madaj, 149 F3d 467, 472 [6th Cir 1998] [“In a no-asset Chapter 7 case, there is no date by which a proof of claim must be filed in order to be ‘timely.’ Whenever the creditor receives notice or acquires actual knowledge of the bankruptcy, he may file a proof of claim, that claim will be timely, and the fact that the debts were not listed becomes irrelevant. Section 523(a)(3)(A) simply provides no basis for excepting an unlisted debt from discharge if the creditor has actual knowledge such that he can file a proof of claim”]; In re Moretti, 260 BR 602, 609 [1st Cir 2001] [“the late scheduling of these debts, if permitted, would have no effect on their dischargeability”]; In re Parker, 313 F3d 1267, 1269 [10th Cir 2002] [“Here the bankruptcy court correctly found that § 523(a)(3)(A) does not apply because the Debtor’s Chapter 7 case was a no asset case with no claims bar date set; therefore, (the creditor) had suffered no prejudice because (the creditor) will have an opportunity to file a claim if any assets are discovered. Because § 523(a)(3)(A) does not apply, unless (the creditor) can establish that the claim was nondischargeable under one of the exceptions referenced in § 523(a)(3)(B), her Claim was discharged by operation of law under § 727(b)”].)
Although the United States Court of Appeals for the Second Circuit has not yet formally adopted this interpretation of the Bankruptcy Code and Rules and the United States Supreme Court has not yet passed on this issue, two of the United States District Courts and three of the United States Bankruptcy Courts within this Circuit have done so. (See In re Deutsch-Sokol, 290 BR 27, 31 [SD NY 2003] [“(I)n a Chapter 7 no-asset
*606 case, the time for filing a claim does not expire within 90 days of the creditors’ meeting but rather remains open indefinitely until non-exempt assets are found. The import of the foregoing is that ‘(i)n a Chapter 7 no-asset case, Section 523(a)(3)(A) does not apply because no bar date is set for filing claims’ ”]; Werner v Herzig, 238 BR 5, 8 [ED NY 1998] [same]; In re Cruz, 254 BR 801, 806 [SD NY 2000] [“(I)n a Chapter 7 no asset case in which a notice of no distribution was issued, . . . the time for filing a proof of claim never expires. Therefore, § 523(a)(3)(A) does not apply, and ‘listing’ the debt will not change the fact that a dischargeable debt was discharged pursuant to § 727(b)” (citations omitted)]; In re Thompson, 177 BR 443, 448 [ED NY 1995] [“Unless a creditor can show that his (or her) debt actually comes within the exceptions provided for in paragraphs (2), (4) and (6), there is no reason to deny a debtor the benefit of a full discharge in a no asset case simply because he inadvertently omitted a debt”]; In re Rollinson, 273 BR 352, 353 [D Conn 2002] [“It appears that both counsel for the Debtor and the New Creditor . . . labor, or have previously labored, under the mistaken belief that the filing of a new Schedule F in a reopened Chapter 7 case affects the applicability of the Debtor’s discharge, determines the dischargeability of the Claim, or impacts state court litigation related to the Claim. The mere filing of amended schedules in a reopened case, however, does not impact the dischargeability of any debt to an omitted creditor is determined solely by reference to the standards of Section 523(a)(3) — a determination which is unaffected by a debtor’s late scheduling of a debt”].)
Significantly, the United States Bankruptcy Court for the Eastern District of New York adjudicated Van Brackle’s chapter 7 bankruptcy petition. (See notice of motion, exhibit E.)
2. Applicable New York State Law
The New York State Court of Appeals specifically addressed the issue of bankruptcy discharges in 1976 in the case of Chevron Oil Co. v Dobie (40 NY2d 712 [1976]). The Court based its decision on a strict reading of the “due scheduling” provision of section 17 of the then effective Bankruptcy Act of 1898, that provided, in relevant part:
“(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts . . . except such as . . .
“(3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if *607 known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy.” (Chevron Oil Co. v Dobie, 40 NY2d at 715, quoting former 11 USC § 35 [a] [3].)
The Court found that, because the debt in question had been scheduled, the debtor’s discharge was effective. {Id. at 717.) Thereafter, the Appellate Division, Third Department, in 1982, utilized the same strict reading of the statute in finding against two debtors who had omitted debts from their 1974 bankruptcy schedules. (See State of New York, Higher Educ. Servs. Corp. v Blewett, 87 AD2d 907 [1982]; Community State Bank v Langlais, 91 AD2d 786 [1982].) These are apparently the last New York state cases to have directly passed on the issue of how to interpret a bankruptcy statute’s discharge provision.
3. Subsequent Statutory Amendments
In 1978, after the Court of Appeals decided Dobie, the United States Congress repealed the Bankruptcy Act of 1898 and replaced it with the current Bankruptcy Code. With some minor changes, that statute redrafted and recodified former 11 USC § 35 as today’s 11 USC § 523. Congress subsequently enacted Federal Rules of Bankruptcy Procedure rule 2002 in 1983, and the federal courts thereafter interpreted that rule to curtail 11 USC § 523’s scheduling requirement in “no asset, no bar date” chapter 7 bankruptcy filings where there are no intentional tort debts. The Bankruptcy Rules have the force of law. (28 USC § 2075; see e.g. In re Brooks Fashion Stores, Inc., 124 BR 436 [SD NY 19913.)
Neither Federal Rules of Bankruptcy Procedure rule 2002 nor the current Bankruptcy Code were in effect when the Court of Appeals decided Dobie in 1976. Nor was Federal Rules of Bankruptcy Procedure rule 2002 enacted until 1983, after the Appellate Division, Third Department, ruled in 1982. Although Congress’s enactment of the Bankruptcy Code in 1978 did not change the substantive law regarding bankruptcy discharges, Congress’s enactment of Federal Rules of Bankruptcy Procedure rule 2002 in 1983 did change the procedural law governing how the courts are to apply the Bankruptcy Code’s provisions. In 1976, before the relevant rule was in effect, the Court of Appeals gave the statutory predecessor to 11 USC § 523 a literal reading. Today, however, a court must read 11 USC § 523 in light of Federal Rules of Bankruptcy Procedure rule 2002, which negates a blanket imposition of 11 USC § 523’s scheduling requirement in “no asset, no bar date” chapter 7 bankruptcy *608 filings. In these cases, all debts other than intentional tort debts are presumptively dischargeable and need not be scheduled in order for the debtor to receive the benefit of a bankruptcy discharge. As much of Dobie as suggests otherwise is no longer viable.
The court in Dobie, however, enunciated two other legal principles that remain a vital part of this State’s jurisprudence. The first is the general principle that New York state courts have concurrent jurisdiction with federal courts to interpret the Bankruptcy Code. (Chevron Oil Co. v Dobie, 40 NY2d at 714 [“(A) State court has an inescapable obligation to interpret and apply the Federal (bankruptcy) statute”]; State of New York v Perkins, 112 AD2d 485, 485-486 [1985] [finding that, because the subject student loans did not arise “in the context of fraud or false pretenses, fiduciary fraud or willful and malicious injury to property,” the New York state court had jurisdiction to determine the issue of the dischargeability of the loans]; see also Corsale v Pantry Pride Supermarket, 197 AD2d 659 [1993]; Whitaker v Kidd, 136 AD2d 941 [1988]; State of New York Higher Educ. Servs. Corp. v Quell, 104 AD2d 11 [1984].) The second is the proposition that New York state courts have the authority to determine the effect of a debtor’s discharge in bankruptcy on third parties such as insurers. (Chevron Oil Co. v Dobie, 40 NY2d at 714; see also State of New York v Wilkes, 41 NY2d 655, 657 [1977]; Lumbermens Mut. Cas. Co. v Morse Shoe Co., 218 AD2d 624, 625 [1995]; Vleming v Chrysler Corp., Dodge Div., 90 AD2d 773 [1982].) Federal Rules of Bankruptcy Procedure rule 2002 does not impact either of the foregoing principles of law. Federal Rules of Bankruptcy Procedure rule 2002 is merely a procedural rule that affects the way in which the courts apply the Bankruptcy Code. As such, it does not overrule Dobie, but rather now merely requires a reviewing court to determine whether a given case: (1) is a “no asset, no bar date” chapter 7 bankruptcy filing; (2) that does not involve any intentional tort debts; and is, thus, entitled to an indefinite suspension of the scheduling requirements of 11 USC § 523. The court holds that this case satisfies both of those requirements.
The Facts of This Case
First, Van Brackle’s chapter 7 bankruptcy petition clearly shows that it was a “no asset, no bar date” filing. (See notice of motion, exhibit D.) The petition also clearly shows, as her counsel concedes, that Van Brackle did not list the guaranty on her schedule of debts. (Id., Axiotis affirmation 1Í 5 [a] [I].) The *609 only remaining question, therefore, is whether or not Van Brackle’s debt pursuant to the guaranty is an intentional tort debt. The court can find no rationale by which to do so, however, because the complaint neither specifically alleges that Van Brackle committed any intentional torts, nor sets forth any facts from which the court could reasonably infer that she did. The court, therefore, finds that Van Brackle’s failure to list the guaranty on her bankruptcy schedule does not affect the discharge of her debt pursuant to 11 USC § 727, because Federal Rules of Bankruptcy Procedure rule 2002 (e) obviates the application of 11 USC § 523. Instead, the court finds that Van Brackle’s debt pursuant to the guaranty was discharged by the September 9, 2004 order of the United States Bankruptcy Court for the Eastern District of New York. Accordingly, the court grants Van Brackle’s motion to dismiss this complaint pursuant to CPLR 3211 (a) (5), because the complaint seeks to collect a debt previously discharged in bankruptcy.
The court notes that plaintiff is not completely without a remedy here. The federal courts in this Circuit adhere to a policy to grant liberally motions to reopen chapter 7 bankruptcy petitions so that the court can amend the lists of scheduled debts to include those that were inadvertently omitted, thereby permitting all creditors an equal chance to partake of debtors’ newly discovered assets. (See e.g. In re Deutsch-Sokol, 290 BR 27 [2003], supra.) Plaintiff may so move and is also free to seek a determination of nondischargeability, pursuant to 11 USC § 523 (a) (3) (B), should plaintiff wish to present evidence that Van Brackle did, in fact, incur an intentional tort debt in connection with the guaranty.
As an alternative argument, Van Brackle also sought dismissal pursuant to CPLR 306, 308, 311, 312 and 3211 (a) (8), on the ground that this court lacks personal jurisdiction over her because UMEZ served her defectively. (See notice of motion, Axiotis affirmation H 5 [b].) However, the court’s dismissal pursuant to CPLR 3211 (a) (5) renders this contention moot. Accordingly, the court declines to reach it.
Accordingly, for the foregoing reasons, it is hereby ordered that the court grants the motion to dismiss of defendants Van Brackle Enterprises, Inc., doing business as Miksu Cosmetics, Michael Van Brackle, and Susan Van Brackle without costs and disbursements to defendants.

 Rule 3002 (c) of the Federal Rules of Bankruptcy Procedure provides that “[i]n a chapter 7 liquidation, ... a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code . . . .”